EFRAÍN VÉLEZ BORGES, ETC., demandantes y peticionarios, *v.* BOY SCOUTS OF AMERICA, ETC., demandados y recurridos.

*Número:* CC-97-523          *Resuelto:* 11 de mayo de 1998

*Víctor P. Miranda Corrada* y *Pedro Purcell Ruiz*, abogados de los peticionarios; *Aníbal Lugo Miranda* y *Omayra Toledo de la Cruz*, de *Shapiro & Lugo*, abogados de los recurridos.

PER CURIAM:

## I

El 10 de octubre de 1995 Efraín Vélez Borges fue despedido de su trabajo en Boy Scouts of America, Puerto Rico Council, Inc. (en adelante Boy Scouts). Meses más tarde, el 20 de marzo de 1996, Vélez Borges, su esposa, Olga Martínez Esquilín, y la sociedad legal de gananciales integrada por ambos, presentaron una reclamación al amparo de la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 L.P.R.A. sec. 3118 *et seq.*, por despido injustificado contra Boy Scouts y los codemandados Kenneth C. D'Apice y Ronald K. Rogers.[1] Alegaron, además, discrimen, violación de contrato y daños y perjuicios. Vélez Borges indicó que trabajó para Boy Scouts desde febrero de 1973. Adujo que en 1995 la parte demandada lo suspendió de su empleo sin sueldo por un término indefinido.

Pasados los quince (15) días que fija la Sec. 3 de la Ley Núm. 2, *supra*, 32 L.P.R.A. sec. 3120, sin que la parte demandada contestara, los demandantes solicitaron al Tribunal de Primera Instancia que dictara una sentencia en rebeldía contra los demandados. Posteriormente, la parte demandada contestó la reclamación habida en su contra sin aducir razones que justificaran su dilación. El 2 de mayo de 1996 el foro de instancia denegó la anotación de rebeldía y concedió un término a la parte demandada para que justificara su tardanza.

Inconforme, la parte demandante recurrió al Tribunal de Circuito de Apelaciones y alegó que el Tribunal de Pri-

---

[1] Estos últimos eran funcionarios de la corporación demandada.

mera Instancia había actuado sin jurisdicción. El 30 de octubre de 1996 el foro apelativo dictó sentencia y dejó sin efecto la resolución recurrida. Resolvió, en lo pertinente, que

> ... la reclamación al amparo de la Ley Núm. 80, *supra*, deberá celebrarse en rebeldía bajo el procedimiento sumario que dispone la Ley Núm. 2, *supra*. El tribunal de instancia deberá celebrar vista para determinar la liquidez de la mesada [adeudada] y de cualquier otra reclamación salarial. El resto de las reclamaciones formuladas tanto bajo la Ley [Núm.] 100 como por violación de contrato y angustias mentales de la co-demandante, deberán ser dilucidadas mediante el procedimiento ordinario.

Devuelto el caso al Tribunal de Primera Instancia, éste celebró una vista el 14 de febrero de 1997 con arreglo a lo ordenado por el Tribunal de Circuito de Apelaciones. Luego de haber examinado detenidamente las alegaciones de la demanda y la evidencia presentada por las partes, el 14 de marzo de 1997 el foro de instancia dictó una resolución y sentencia parcial final. Condenó a Boy Scouts a pagar a Vélez Borges la cantidad de doce mil cincuenta y dos dólares con cincuenta y un centavos ($12,052.51), más intereses legales, y la suma de tres mil novecientos setenta y siete dólares con treinta y dos centavos ($3,977.32) en concepto de honorarios de abogado.

Inconforme con esa determinación, el 9 de mayo de 1997 Boy Scouts interpuso un recurso de apelación ante el Tribunal de Circuito de Apelaciones.[2] Sostuvo que el foro de instancia había errado al no celebrar la vista en rebeldía, tal como lo había ordenado el Tribunal de Circuito de Ape-

---

[2] Aunque la parte demandada presentó su recurso después de haber transcurrido el término de diez (10) días que se tiene para solicitar la revisión de una sentencia dictada en rebeldía en un procedimiento al amparo de la Ley Núm. 2 de 17 de octubre de 1961 (32 L.P.R.A. sec. 3120), el Tribunal de Circuito de Apelaciones acogió el recurso aludido porque esa parte demostró que el Tribunal de Primera Instancia nunca le notificó el dictamen recurrido, por lo que no comenzó a transcurrir término alguno.

laciones en su sentencia de 30 de octubre de 1996. Indicó que el Tribunal de Primera Instancia decidió que no celebraría la vista para resolver en los méritos la causa de acción según la Ley Núm. 80, *supra*.

El 26 de junio de 1997 el foro apelativo dictó sentencia revocatoria. Concluyó que "existía un mandato específico del Tribunal de Apelaciones en el caso KLCE9600508, requiriendo celebrar vista para determinar la liquidez de [la] mesada adeudada y de cualquier otra reclamación salarial" y el foro de instancia "no podía apartarse de tal mandato". En virtud de este dictamen, el Tribunal de Circuito de Apelaciones devolvió de nuevo el caso al Tribunal de Primera Instancia para la celebración de la vista ordenada.

La parte demandante solicitó la reconsideración del dictamen aludido. Argumentó que el foro de instancia *sí había celebrado una vista en su fondo*, en la cual se había ofrecido prueba documental, según le había ordenado el foro apelativo. No obstante este argumento, el 12 de agosto de 1997 el Tribunal de Circuito de Apelaciones denegó la reconsideración solicitada.

Inconforme con el dictamen aludido, la parte demandante interpuso este recurso de *certiorari* el 17 de septiembre de 1997. Sostuvo, en lo pertinente, que el foro apelativo erró al revocar al Tribunal de Primera Instancia, bajo el fundamento de que no se había celebrado la vista antes referida.

Mediante nuestra Resolución de 21 de noviembre de 1997, le ordenamos a la parte demandada que mostrara causa, si alguna tuviese, por la cual no debíamos expedir el auto solicitado y revocar la Sentencia de 26 de junio de 1997 y la Resolución de 12 de agosto de 1997 del Tribunal de Circuito de Apelaciones, y reinstalar la del foro de instancia. En cumplimiento de la orden referida, la parte demandada recurrida compareció el 22 de diciembre de 1997. Estando en posición de resolver, procedemos a hacerlo.

## II

■■■■ Es norma claramente establecida que cuando se precisa fijar el importe ilíquido de una cuenta, o cuando se precisa fijar la cuantía de los daños en un caso ventilado en rebeldía, el tribunal deberá celebrar las vistas que crea necesarias y adecuadas para recibir la prueba y poder dictar la sentencia. Regla 45.2(b) de Procedimiento Civil, 32 L.P.R.A. Ap. III. Véase, además, *Rivera v. Insular Wire Products Corp.*, 140 D.P.R. 912 (1996). Bajo cualesquiera circunstancias en que se tramite un caso en rebeldía, "la cuantía de daños debe ser objeto de prueba". *Continental Ins. Co. v. Isleta Marina*, 106 D.P.R. 809, 818 (1978). En estos casos, la prueba se limitará a fijar el importe de la cuenta o el importe de los daños sin necesidad de entrar en consideraciones relativas a la responsabilidad, ya que el efecto de la rebeldía es que todas las alegaciones o aseveraciones bien hechas se tienen por admitidas. Regla 45.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III; R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, San Juan, Ed. Michie, 1997, pág. 217; J.A. Cuevas Segarra, *Práctica Procesal Puertorriqueña: Procedimiento Civil*, San Juan, Pubs. J.T.S., 1979, Vol. II, pág. 253. Sabido es que nuestro ordenamiento procesal civil le reconoce al litigante en rebeldía —que haya comparecido previamente— el derecho a conocer del señalamiento, asistir a la vista, contrainterrogar a los testigos de la parte demandante, impugnar la cuantía de daños reclamada y revisar la sentencia. *Continental Ins. Co. v. Isleta Marina*, supra, pág. 817; Hernández Colón, *op. cit.*, pág. 219; Cuevas Segarra, *op. cit.*, pág. 253.

En el caso de epígrafe, la parte demandada recurrida alega que la vista ordenada por el Tribunal de Circuito de Apelaciones en el caso referido para fijar el importe de la mesada adeudada no se celebró. No tiene razón. De los

documentos que obran en autos surge con claridad que el 14 de febrero de 1997 el Tribunal de Primera Instancia celebró una vista con arreglo a la Regla 45.2(b) de Procedimiento Civil, *supra*, y al mandato del foro apelativo. Surge, además, que a dicha vista comparecieron ambas partes representadas por sus respectivos abogados. Durante la celebración de la vista referida, el foro de instancia examinó los alegatos de las partes y recibió la prueba. Específicamente, de la minuta de la vista aludida surge que la parte demandante peticionaria presentó en evidencia —sin objeción de la parte adversaria— una carta suscrita por el codemandado (el 28 de noviembre de 1995), Kenneth C. D'Apice, ejecutivo de la corporación demandada, dirigida al Sr. Luis Colón del First Bank, en la cual constaban los datos suficientes para fijar la cuantía de la indemnización que establece el Art. 1 de la Ley Núm. 80, *supra*, 29 L.P.R.A. sec. 185a.[3] Dicha comunicación revela que Vélez Borges había trabajado para Boys Scouts por espacio de veintidós (22) años, que devengaba un sueldo anual de $23,800 y que se encontraba en una licencia indefinida.[4]

---

[3] Este Art. 1 de la Ley Núm. 80 de 30 de mayo de 1976 (29 L.P.R.A. sec. 185a) dispone, en lo pertinente, que un empleado despedido de su empleo sin justa causa tendrá derecho a recibir de su patrono, en adición al sueldo que hubiese devengado:

"(a) El sueldo correspondiente a un mes por concepto de indemnización; si el despido ocurre dentro de los primeros cinco (5) años de servicio; el sueldo correspondiente a dos (2) meses si el despido ocurre luego de los cinco (5) años hasta los quince (15) años de servicio; el sueldo correspondiente a tres (3) meses si el despido ocurre luego de los quince (15) años de servicio;

"(b) una indemnización progresiva adicional equivalente a una semana por cada año de servicio."

[4] El texto de la carta es el siguiente:

"Dear Mr. Colón:

"I am writing this letter at your request and authorization to verify the employment status of Efraín Vélez.

"Mr. Vélez is currently an employee of the Puerto Rico Council, Boy Scouts of America. His salary is $23,800 per year. Mr. Vélez has been employed by the Boy Scouts of America for twenty-two (22) years, and is currently on an indefinite leave of absence.

"Sincerely,·
(*Fdo.*) Kenneth C. D'Apice
Scout Executive"

De la minuta referida también surge que el tribunal, luego de admitida en evidencia la carta antes aludida, consignó que con relación a la reclamación al amparo de la Ley Núm. 80, *supra*, dictaría la sentencia parcial. Específicamente, sobre las causas de acción de discrimen en cumplimiento de contrato, por estar las partes en la etapa de descubrimiento de prueba, fijó para una fecha posterior una vista transaccional y confidencial preliminar.

■ Obsérvese que surge de la propia evidencia que obra en autos que los demandados recurridos comparecieron a la vista ordenada por el foro apelativo y allí optaron por no impugnar la carta aludida como prueba ofrecida por la parte demandante peticionaria. Esta omisión tuvo el efecto de que el Tribunal de Primera Instancia admitiera la carta mencionada como evidencia para determinar el importe de los daños reclamados al amparo de la Ley Núm. 80, *supra*. Luego de examinar la carta admitida, estamos de acuerdo con el foro de instancia en que la información provista en ella, que no fue controvertida por el patrono, era suficiente para fijar el importe referido sin necesidad de la celebración de otra vista.[5]

En el recurso de epígrafe, estamos ante unas alegaciones erróneas manifestadas por una parte —aquí recurrida— al Tribunal de Circuito de Apelaciones y ante un foro apelativo que aceptó como válidas las alegaciones erróneas antes referidas. El Tribunal de Circuito de Apelaciones dio por buena la afirmación de la parte demandada con respecto a la supuesta falta de celebración de la vista y concluyó que el foro de instancia no podía apartarse del mandato que existía en el caso, por lo que revocó la sentencia parcial que establecía la cuantía de la mesada. Un examen

---

[5] Como regla general, es admisible toda prueba ofrecida en evidencia que no sea objetada oportunamente. *Pueblo v. Millán Meléndez*, 110 D.P.R. 171, 180 (1980); *Pueblo v. Oquendo*, 83 D.P.R. 234, 241 (1961). Véase, además, *Canales Velázquez v. Rosario Quiles*, 107 D.P.R. 757, 764 (1978).

cuidadoso del expediente revela que la vista en cuestión sí fue celebrada por el Tribunal de Primera Instancia, conforme a lo ordenado, y que las alegaciones en contrario de la parte demandada no eran correctas.(6) Es forzoso concluir que el Tribunal de Circuito de Apelaciones erró al revocar el dictamen de instancia.

## III

Por los fundamentos antes expuestos, *se revoca la sentencia del Tribunal de Circuito de Apelaciones de 26 de junio de 1997. En su lugar, se reinstala la resolución y sentencia parcial final dictada por el Tribunal de Primera Instancia el 14 de marzo de 1997 y se devuelve el caso al foro de instancia para la resolución final del pleito.*

El Juez Asociado Señor Hernández Denton concurrió sin opinión escrita. El Juez Presidente Señor Andréu García y el Juez Asociado Señor Corrada Del Río no intervinieron.

---

(6) En su orden de mostrar causa, los recurridos admiten que se celebró la vista referida antes, pero alegan que ella no era propiamente tal porque no desfiló prueba testifical alguna ni se contrainterrogó testigo alguno. Evidentemente no tienen razón. La peticionaria presentó prueba documental en tal vista y, al no objetarla la parte contraria, dicha prueba era suficiente para establecer el asunto en cuestión. Hubo una vista, pues.