ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| ELOISA ORTIZ POCHE T/C/P ELOISA ORTIZ CRESPO Y THOMAS ANTHONY CACHO<br><br>Demandante-Recurrido<br><br>v.<br><br>ANA LYDIA ROSA SILVA Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA ENTRE ESTA Y SU ESPOSO, PUERTO RICO NURSING HOMES INC., Y SUS ACCIONISTAS WILSON FRANCISCO QUIROGA PÉREZ, SU ESPOSA Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA ENTRE AMBOS, CARIDAD QUIROGA, SU ESPOSO Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA ENTRE AMBOS, JANE DOE, RICHARD DOE, JOHN DOE, CORPORACIÓN "A" Y "B" COMPAÑÍAS ASEGURADORAS "X", "Y" y "Z"<br><br>Demandado-Peticionaria | KLCE202400238 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Carolina<br><br>Sobre: Compraventa, Daños, Enriquecimiento Injusto, Impugnación de Contrato, Mandato, Nulidad de Contrato, Petición de Orden, Reposesión de Bienes Muebles<br><br>Caso Número: CA2023CV01534 |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Bonilla Ortíz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

*Prats Palerm, Jueza Ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 19 de marzo de 2024.

Comparece la parte demandada-peticionaria, Ana Lydia Rosa Silva (en adelante, ¨peticionaria¨ o ¨Sra. Rosa Silva¨) mediante *Certiorari* y solicita que revisemos la *Resolución* dictada el 26 de enero de 2024 por el Tribunal de Primera Instancia, Sala de Carolina (en adelante, ¨TPI¨). En el aludido dictamen, el TPI declaró No Ha Lugar una solicitud de reconsideración y sostuvo una determinación previa mediante la cual le anotó la rebeldía a la peticionaria.

Por los fundamentos que expondremos a continuación, se expide el auto de *certiorari* y se *Confirma* el dictamen recurrido.

**II.**

El 12 de mayo de 2023, Eloisa Ortiz Poche, Thomas Anthony Cacho y la Sociedad Legal de Gananciales compuesta por ambos (en adelante, ¨recurridos¨) presentaron una *Demanda* en contra de la Sra. Rosa Silva, PR Nursing Homes Inc., Caridad Quiroga y Wilson Francisco Quiroga Pérez (en conjunto, ¨codemandados¨).

El 18 de julio de 2023, la peticionaria compareció mediante una *Moción Asumiendo Representación Legal, Solicitud de Imposición de Fianza de No Residente y Solicitud de Prórroga.* En lo aquí pertinente, la Sra. Rosa Lydia solicitó una prórroga para presentar su alegación responsiva. Ese mismo día, el TPI emitió una *Orden* en la cual le concedió a la peticionaria una prórroga de veinte (20) días para presentar su Contestación a la Demanda.

Luego de varios trámites procesales, el 18 de octubre de 2023, el TPI les concedió a los codemandados un término improrrogable de veinte (20) días para contestar la demanda.

El 27 de octubre de 2023, los recurridos solicitaron que se le anotara la rebeldía a PR Nursing Homes, Caridad Quiroga y a Francisco Quiroga Pérez.

El 6 de diciembre de 2023, el TPI les anotó la rebeldía a los codemandados, incluyendo a la Sra. Rosa Silva. El 7 de diciembre de 2023, la Sra. Rosa Silva solicitó reconsideración y, a su vez, que se levantara la anotación de rebeldía. A esos efectos, la peticionaria señaló lo siguiente:

> 3. Al revisar [SUMAC], nos percatamos que por error y/o inadvertencia excusable del abogado suscribiente, no se había presentado la Contestación a la Demanda.
>
> [...]

5. Ante lo anterior, solicitamos que este Honorable Tribunal reconsidere la Orden dictada; y[,] por ende, levante la anotación de la rebeldía de la señora Rosa. [...]

De igual manera, la peticionaria anejó la *Contestación a la Demanda* a la referida solicitud de reconsideración.

El 8 de diciembre de 2023, el TPI dictó una *Orden* en la cual determinó, en lo pertinente:

Se impone a la demandada Ana Lydia Rosa Silva una sanci[ó]n de $150.00 por presentar la demanda fuera del t[é]rmino establecido. La misma deber[á] ser consignada en 10 d[í]as. Una vez transcurrid[o] el t[é]rmino antes mencionado, se evaluar[á] la solicitud de reconsideraci[ó]n.

Así las cosas, el 13 de diciembre de 2023, la peticionaria consignó el pago de la sanción impuesta.

El 3 de enero de 2023, la parte demandante-recurrida presentó su oposición a la reconsideración solicitada por la Sra. Rosa Silva. Los recurridos argumentaron que la peticionaria fue emplazada personalmente el 9 de junio de 2023 y que, a pesar de haber sido concedida dos prórrogas, presentó su alegación responsiva el 7 de diciembre, fuera de término, cuando la anejó a su moción de reconsideración. De igual manera, añadieron que la Sra. Rosa Silva no presentó justa causa para su dilación.

El 26 de enero de 2024, el TPI dictó una *Resolución* y declaró No Ha Lugar la solicitud de reconsideración de la Sra. Rosa Silva para que se dejara sin efecto la anotación de rebeldía.

Inconforme, el 26 de febrero de 2024, la Sra. Rosa Silva presentó el recurso de *Certiorari* ante nuestra consideración y solicitó la revisión de la *Resolución* del 26 de enero de 2024. La peticionaria realizó el siguiente señalamiento de error:

**Erró el Tribunal de Primera Instancia al anotarle la rebeldía a la codemandada, Ana Lydia Rosa Silva, sin que previamente se cumpliera con lo requerido en la Regla 39.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap III R. 39.2**

Los recurridos no presentaron memorando en oposición a la expedición del auto dentro del término reglamentario que dispone la

Regla 37 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. Por consiguiente, resolvemos sin el beneficio de su comparecencia.

**II.**

**A. El *certiorari***

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. En esencia, se trata de un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *800 Ponce de León Corp. v. American International Insurance*, 205 DPR 163 (2020); *Medina Nazario v. McNeil Healthcare, LLC*, 194 DPR 723, 728-729 (2016); véase, además, Art. 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491. Por tanto, la expedición del auto de *certiorari* descansa en la sana discreción del tribunal revisor. *Íd.; IG Builders et al v. BBVAPR*, 185 DPR 307, 337-338 (2012).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, delimita expresamente las instancias en las que este Tribunal de Apelaciones puede expedir los recursos de *certiorari* para revisar resoluciones y órdenes interlocutorias del foro de Instancia. *800 Ponce de León Corp. v. American International Insurance, supra; Scotiabank de Puerto Rico v. ZAF Corporation*, 202 DPR 478, 487 (2019). En lo pertinente, la referida regla dispone lo siguiente:

> [e]l recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

> Al denegar la expedición de un recurso de certiorari, en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. 32 LPRA Ap. V, R. 52.1.

Aun cuando al amparo del precitado estatuto adquirimos jurisdicción sobre un recurso de *certiorari*, la expedición del auto y la adjudicación en sus méritos es un asunto discrecional. No obstante, tal discreción no opera en el abstracto. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008). La Regla 40 del Reglamento del Tribunal de Apelaciones establece los criterios que este foro tomará en consideración para ejercer prudentemente su discreción para expedir o no un recurso de *certiorari*, a saber:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.
B. Si la situación de hechos planteada es la más indicada para analizar el problema.
C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.
D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.
E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B.

De otra parte, este Tribunal solo intervendrá con las determinaciones discrecionales del Tribunal de Primera Instancia, cuando se demuestre que hubo un craso abuso de discreción, prejuicio, parcialidad o error manifiesto. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). En el ámbito jurídico la discreción ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013). La discreción se nutre de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia. *Íd.* Por lo anterior, un adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de

razonabilidad. *Umpierre Matos v. Juelle Albello*, 203 DPR 254, 275 (2019); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**B. Anotación de rebeldía**

Es obligación de toda parte contra la cual se presenta una demanda de notificar su contestación dentro de treinta (30) días de haber sido emplazado conforme a derecho. Regla 10.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 10. No obstante, la precitada Regla también establece que "[l]a notificación de una moción permitida por estas reglas o bajo la Regla 36, altera los términos arriba prescritos [...], a menos que por orden del tribunal se fije un término distinto [...]". 32 LPRA Ap. V, R. 10.1 (Énfasis nuestro).

A pesar de ello, las Reglas de Procedimiento Civil establecen que procede la anotación de rebeldía "[c]uando una parte contra la cual se solicite una sentencia que concede un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma, según se dispone en estas reglas". Regla 45.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 45.1. Este remedio puede ser utilizado tanto en las instancias mencionadas, como en aquellas en que una de las partes en el pleito no ha cumplido con algún mandato del tribunal, que conlleva la obligación del foro judicial a imponerle la rebeldía como sanción. *Ocasio v. Kelly Servs.*, 163 DPR 653, 670 (2005). A pesar de ello, la anotación de rebeldía "como sanción por su incumplimiento con una orden del tribunal siempre se debe dar dentro del marco de lo que es justo, y la ausencia de tal justicia equivaldría a un abuso de discreción". *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 590 (2011).

Se ha resuelto que la consecuencia jurídica de anotar la rebeldía a una parte en un pleito será tener como aceptadas cada una de las alegaciones bien formuladas que hubieran sido incluidas en la demanda. *Vélez v. Boy Scouts of America*, 145 DPR 528, 534 (1998).

Ahora bien, en el descargue de sus funciones, el Tribunal de Primera Instancia está en la obligación de comprobar cualquier

aseveración esgrimida mediante la aportación de prueba que demuestra lo alegado. *Hernández v. Espinosa,* 145 DPR 248, 272 (1998). "[S]i un tribunal necesita, para poder dictar sentencia en rebeldía, comprobar la veracidad de cualquier alegación o hacer una investigación sobre cualquier otro asunto, deberá celebrar las vistas que estime necesarias y adecuadas." *Ocasio v. Kelly Servs., supra,* pág. 671.

En armonía con lo anterior, nuestro Tribunal Supremo ha reiterado que en el ámbito de la adjudicación de un pleito en rebeldía los foros judiciales no pueden actuar como meros autómatas. *Íd.,* págs. 671-672. Es decir, "un trámite en rebeldía no garantiza per se, una sentencia favorable al demandante; el demandado no admite hechos incorrectamente alegados como tampoco conclusiones de derecho". *Continental Ins. Co. v. Isleta Marina,* 106 DPR 809, 817 (1978). Nótese que el objetivo de este mecanismo procesal no es conferirle una ventaja al demandante para obtener una sentencia a su favor, sino que lo que se persigue es estimular la tramitación ágil y efectiva de los pleitos ante los tribunales. *J.R.T. v. Missy Mfg. Corp.,* 99 DPR 805, 811 (1971).

Por este motivo, un tribunal, al momento de resolver una solicitud de anotación de rebeldía, debe interpretar la Regla 45 de Procedimiento Civil, *supra,* de forma liberal, lo que significa que debe siempre resolver cualquier duda a favor de la parte que se opone a la concesión de la rebeldía. Esto es cónsono con la política judicial que prefiere que los casos se vean en sus méritos. *Neptune Packing Corp. v. Wackenhut Corp.,* 120 DPR 283, 293 (1988); *Imp. Vilca, Inc v. Hogares Crea, Inc.,* 118 DPR 679, 686 (1987).

La Regla 45.3 de Procedimiento Civil dispone la facultad para dejar sin efecto una anotación de rebeldía. 32 LPRA Ap. V, R. 45.3. La misma señala que "[e]l tribunal podrá dejar sin efecto una anotación de rebeldía por causa justificada, y cuando se haya dictado sentencia en rebeldía, podrá asimismo dejarla sin efecto de acuerdo con la Regla 49.2. *Íd.* Nuestro más Alto Foro ha reconocido que la parte que alegue causa

justificada puede: (1) presentar evidencia de circunstancias que a juicio del tribunal demuestren justa causa para la dilación, o (2) probar que tiene una buena defensa en sus méritos y que el grado de perjuicio que se puede ocasionar a la otra parte con relación al proceso es razonablemente mínimo. *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 593 (2011).

## III.

En síntesis, la peticionaria alega que erró el TPI al sostener la determinación en la cual le anotó la rebeldía. Conforme surge del tracto procesal, la peticionaria fue emplazada personalmente y solicitó varias prórrogas para contestar la demanda. Las prórrogas fueron concedidas por el Tribunal. No obstante, la peticionaria no contestó la demanda dentro del término y el foro recurrido le anotó la rebeldía.

Un día después de que se le anotara la rebeldía, la peticionaria presentó una moción de reconsideración en la cual anejó la *Contestación a la Demanda* y solicitó que se dejara sin efecto la anotación de rebeldía. Consecuentemente, el TPI le impuso una sanción de $150 por haber presentado su Contestación a la Demanda fuera de término. El día después, la Sra. Rosa Silva consignó el pago de la sanción impuesta. No obstante, el 26 de enero de 2023, el TPI emitió una *Resolución* y sostuvo la anotación de rebeldía.

La Regla 45.3 de las de Procedimiento Civil, *supra*, le concede al Tribunal la facultad de dejar sin efecto una anotación de rebeldía cuando la parte demuestre justa causa. No obstante, la determinación del tribunal de anotar o levantar la rebeldía es una discrecional.

Un examen del expediente refleja que la peticionaria fue emplazada el 9 de junio de 2023. El 18 de julio de 2023, el TPI le concedió una primera prórroga de veinte (20) días para presentar su Contestación a la Demanda. A pesar de haber transcurrido el término y sin que la peticionaria lo solicitara, el 18 de octubre de 2023, el TPI les

concedió a todos los codemandados, incluyendo a la Sra. Rosa Silva, un segundo término improrrogable de veinte (20) días. La rebeldía fue anotada el 6 de diciembre de 2023.

De ordinario, la Regla 10.1 de las de Procedimiento Civil solo les concede a las partes un término de treinta (30) días para presentar su alegación responsiva. Surge del expediente ante nuestra consideración que la peticionaria tuvo un total de **ciento ochenta y un (181) días** para presentar su Contestación a la Demanda, desde el 9 de junio de 2023 (cuando fue emplazada) hasta el 6 de diciembre de 2023 (cuando se le anotó la rebeldía).

A través de la moción de reconsideración, la peticionaria únicamente adujo como justa causa para la dilación ¨error y/o inadvertencia excusable del abogado suscribiente¨. Sin evidencia de alguna circunstancia que justificara la dilación y otorgado un extenso término para la presentación de la Contestación a la Demanda, el TPI estuvo imposibilitado de justificar la tardanza. Por todo lo cual, el foro de instancia no erró al sostener la anotación de la rebeldía.

Por último, es norma firmemente establecida que los tribunales apelativos no intervienen con el manejo de los casos por parte del Tribunal de Primera Instancia, "salvo que se demuestre que hubo un craso abuso de discreción o que el tribunal actuó con prejuicio y parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *SLG Fernández-Bernal v. RAD-MAN et al.*, 208 DPR 310, 338 (2021); *SLG Torres-Matundan v. Centro Patología*, 193 DPR 920, 933 (2015).

**IV.**

Por los fundamentos que anteceden, se *expide* el auto de *certiorari* y se *confirma* el dictamen recurrido. Se devuelve el caso al foro recurrido para la continuación de los procedimientos.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones