ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| ASOCIACIÓN CONDÓMINES METRO MEDICAL CENTER, INC.<br><br>Parte Apelante<br><br>v.<br><br>MMC GUARANTEE LLC<br>Parte Apelada | TA2025AP00207 | *Apelación,* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2025CV00375<br><br>Sobre:<br><br>Cobro De Dinero - Ordinario |
|---|---|---|

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Monge Gómez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de agosto de 2025.

Compareció ante este Tribunal la parte apelante, la Asociación Condómines Metro Medical Center, Inc. (en adelante, la "Asociación" o "Apelante"), mediante recurso de apelación presentado el 5 de agosto de 2025. Nos solicitó la revocación de la *Sentencia Parcial* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante, el "TPI"), el 31 de julio de 2025, notificada y archivada en autos al día siguiente. Mediante dicho dictamen, el TPI le anotó la rebeldía a la Asociación, concluyó que esta última incumplió cierto contrato de arrendamiento entre las partes, declaró resuelto el contrato en controversia, decretó el desahucio por falta de pago y ordenó el desalojo de la Apelante de la unidad designada como A-902 del Condominio Metro Medical Center.

Por los fundamentos que expondremos a continuación, se *revoca* la *Sentencia* apelada.

**I.**

El caso de epígrafe se originó el 24 de enero de 2025, con la presentación de una "**Demanda**" por parte de la Asociación en contra de MMC Guarantee, LLC (en adelante, "MMC" o "Apelado") sobre cobro de

dinero. Mediante la misma, expresó que la Apelada ostenta la titularidad de veintiséis (26) unidades del Condominio Metro Medical Center. Alegó que, al 20 de enero de 2025, MMC mantenía una deuda ascendente a $331,301.82, correspondiente a cuotas de mantenimiento acumuladas desde el mes de abril de 2023, derramas, primas de póliza de seguro del Condominio para los años 2023-2024 y 2024-2025, así como los intereses, recargos y penalidades aplicables. Sostuvo que las referidas deudas se encontraban vencidas, líquidas y exigibles y que los referidos intereses, recargos y penalidades continuaban devengándose hasta tanto se satisficiera en su totalidad la suma principal adeudada. En atención a lo anterior, le solicitó al Tribunal que declarara "Ha Lugar" la "**Demanda**", imponiendo al Apelado la obligación de satisfacer la deuda reclamada más una cantidad razonable por concepto de costas, gastos y honorarios de abogado.

Así las cosas, el 4 de abril de 2025, MMC presentó su "**Contestación a la Demanda y Reconvención**", en la cual negó la mayoría de las alegaciones expuestas en su contra y aclaró que era propietaria únicamente de diez (10) unidades del Condominio, y no de veintiséis (26) unidades como sostiene la Apelante. Alegó, además, que la deuda reclamada se fundamentaba en una cantidad de unidades que no le pertenecían. Afirmó que, desde el 1 de octubre de 2024, solicitó a la Asociación el desglose detallado de la deuda, sin que sus gestiones hubieran tenido éxito. Manifestó, igualmente, que la cifra reclamada debió ser cubierta y/o acreditada por la Apelante en virtud de cierto contrato de arrendamiento sobre la unidad A-902, en la cual la Asociación mantiene, desde el año 2017, las antenas de AT&T y Claro. Sostuvo que la Apelante le adeudaba, al mes de abril de 2025, no menos de $36,791.60 en concepto de renta mensual a razón de $341.40, suma que continuaba acumulándose, así como no menos de $12,097.80 por concepto de renta adicional de $128.70 mensuales, igualmente en curso de acumulación.

Alegó, que se le adeudaban los aumentos en cuotas de mantenimiento mensual, derramas y primas del seguro comunal desde el

año 2017 hasta el presente, cuyos importes han variado con el paso de los años, todo ello sujeto a una tasa de interés anual del 10%. Añadió que la cuantía reclamada por la Asociación resultaba incorrecta, en la medida en que incluía el cómputo de su unidad como si le correspondieran pies cuadrados de los elementos comunes generales, en contravención a lo dispuesto en la Ley Núm.129-2020, según enmendada, mejor conocida como la "Ley de Condominios de Puerto Rico", 31 LPRA secs. 1921 *et seq.*

En su *Reconvención* reiteró la existencia de un contrato mediante el cual las partes habrían acordado el arrendamiento de la unidad A-902 para la instalación de antenas de AT&T y Claro, estableciendo el pago de una renta mensual, las cuotas de mantenimiento, seguro y derramas, con un interés del 10% anual en caso de incumplimiento. Alegó que, desde el 2017, la Asociación ha ocupado de forma exclusiva dicha unidad sin efectuar pago alguno ni reconocer la ocupación. Además, sostuvo que a la unidad A-704 se le habían imputado indebidamente pies cuadrados de elementos comunes generales, como pasillos, vestíbulos y baños.

En armonía con lo anterior, le peticionó al TPI la disolución del contrato de arrendamiento, que se condenara a la Apelante al pago de $100,00.00 en concepto de indemnización, que se ordenara el desalojo de la unidad A-902, el pago mínimo de $50,308.56 por cánones de arrendamiento adeudados, cuotas de mantenimiento, seguro y derramas, junto con las mensualidades y cantidades que continuaban devengándose mientras persistía la ocupación de la unidad. Asimismo, requirió que se ordenara a la Asociación a realizar la mensura técnica del piso 7 para la rectificación de la cabida y participación, así como la concesión de cualquier otro remedio procedente en derecho.

El 21 de abril de 2025, MMC presentó una "**Contestación a la Demanda y Reconvención Enmendada**", a los fines de eliminar ciertas alegaciones y defensas relacionadas con la unidad A-704, toda vez que la misma había sido previamente transferida. El 23 de abril de 2025, el foro primario emitió una *Orden* concediéndole a la Apelante un término de diez (10) días para presentar su *Réplica.* El 5 de mayo de 2025, la Asociación

presentó una "**Moción Informativa y en Solicitud de Prórroga para Replicar**" a través de la cual solicitó que se le concediera una prórroga de veinte (20) días para replicar a la *Reconvención*, la cual fue acogida. Posteriormente, el 10 de junio de 2025, la Asociación presentó una moción indicando que había remitido una contraoferta transaccional al Apelado, pendiente de respuesta, y requirió otra prórroga de veinte (20) días, la cual fue declarada "Con Lugar". El 2 de julio de 2025, la Asociación pidió una nueva prórroga de veinte (20) días, señalando que necesitaba la aprobación del Presidente y Vicepresidente de la Junta de Directores del Condominio, quienes se encontraban de viaje en Europa y Corea del Sur, solicitud que igualmente fue concedida por el Tribunal

Así las cosas, el 28 de julio de 2025 a las 5:36 p.m., MMC presentó una moción intitulada "**Moción en Solicitud de Anotación de Rebeldía y Sentencia al Amparo de la Regla 45 y/o la Regla 10.3 de Procedimiento Civil**" (en adelante, "Solicitud de Anotación de Rebeldía"), mediante la cual expuso que la Apelante había solicitado en tres (3) ocasiones prórrogas, venciendo la última de ellas el 23 de julio de 2025. Señaló, además, que había efectuado reiterados intentos de comunicación con la Asociación con el propósito de considerar eventuales transacciones, los cuales resultaron infructuosos. En virtud de lo anterior, solicitó que se le anotara la rebeldía y se dictara sentencia, conforme a lo peticionado en la *Reconvención Enmendada* presentada.

**Al día siguiente, a las 9:21 a.m.**, la Asociación presentó su "**Contestación a Reconvención**" (en adelante, "Réplica") en la que rechazó la mayor parte de los planteamientos expuestos en su contra y afirmó que nunca llegó a suscribirse un contrato de arrendamiento por escrito, aunque sí se entablaron conversaciones al respecto con la antigua titular. Asimismo, expuso que las cuotas de mantenimiento, seguro, derramas, intereses y penalidades que adeudaba MMC fueron aprobados conforme a Ley de Condominios, *supra*, la Escritura Matriz del edificio y el Reglamento del Condominio debidamente inscrito en el Registro de la Propiedad. En consecuencia, alegó que dichas obligaciones se

encontraban vencidas, eran líquidas y exigibles, y que las reclamaciones planteadas se basaban en una cuantía meramente especulativa. Señaló que remitía a la Asociación los desgloses de cantidades adeudadas, en atraso y con penalidades, dirigidos tanto a MMC como a sus compañías matrices o afiliadas. A tono con lo anterior, le peticionó al TPI que declare "No Ha Lugar" la *Reconvención Enmendada.* Ese mismo día, también presentó una "**Moción en Oposición a Anotación de Rebeldía e Informativa**" en la que alegó que la solicitud de anotación de rebeldía presentada por MMC se tornó académica.

Posteriormente, el 30 de julio de 2025, MMC presentó una solicitud intitulada "**Moción en Oposición y Anulación de Réplica, Contestación a Oposición a Anotación de Rebeldía y Reiterando Solicitud de Anotación de Rebeldía y Sentencia**" a través de la cual planteó que no fue hasta el 29 de julio de 2025, una vez presentada su solicitud de anotación de rebeldía y transcurridos seis (6) días posteriores al vencimiento del término para replicar a la *Reconvención Enmendada*, que la Apelante procedió a radicar una moción en contestación a la *Reconvención* original. En virtud de ello, solicitó nuevamente al foro de instancia la anotación de la rebeldía de la Asociación.

El 31 de julio de 2025, el Apelante presentó su réplica a la *Reconvención Enmendada*. Sobre el particular, debemos puntualizar que, desde la presentación de la contestación a la *Reconvención*, la Asociación invocó todas las defensas relacionadas a las controversias plateadas por el Apelado, puesto que la misma se enmendó para eliminar alegaciones y no para acumular causas de acción adicionales. Lo cual implica que, desde la presentación de la *Réplica*, MMC conocía de las defensas invocadas por el Apelante.

Ese mismo día, el TPI emitió una *Sentencia Parcial* en la que le anotó la rebeldía a la Asociación, dio por resuelto el contrato objeto de la presente controversia, tras un presunto incumplimiento por parte de esta última, decretó el desahucio por falta de pago y ordenó a la Asociación a desalojar la unidad ubicada en A-902 del Condominio Metro Medical

Center, en el término de cinco (5) días. Inconforme con lo anteriormente resuelto, la Apelante acudió ante este Tribunal de Apelaciones mediante el recurso de epígrafe, en el que señaló la comisión del siguiente error:

> ABUSÓ DE SU DISCRECIÓN EL TRIBUNAL DE PRIMERA INSTANCIA AL EMITIR SENTENCIA PARCIAL DE DESAHUCIO POR REBELDÍA EN CUANTO A UNA RECONVENCIÓN COMPULSORIA AMPARADO DE LA REGLA 45.1, A PESAR DE QUE LA PARTE DEMANDANTE-RECONVENIDA MANTUVO INFORMADO AL TRIBUNAL, PRESENTÓ DOS (2) CONTESTACIONES A LA RECONVENCIÓN QUE ALEGAN BUENAS DEFENSAS EN LOS MÉRITOS, Y SIN HABERLE APERCIBIDO Y NOTIFICADO DE LA FALTA DE PRESENTACIÓN DE ALEGACIÓN RESPONSIVA AL CONDOMINIO METRO MEDICAL

El 27 de agosto de 2025, MMC presentó su "**Alegato en Oposición a Apelación**".

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

## II.

## A.

Es obligación de toda parte contra la cual se presenta una reconvención de notificar su contestación dentro de diez (10) días de notificada la contestación. Regla 10.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 10. No obstante, la precitada Regla también establece que "[l]a notificación de una moción permitida por estas reglas o bajo la Regla 36, altera los términos arriba prescritos […], **a menos que por orden del tribunal se fije un término distinto** […]". 32 LPRA Ap. V, R. 10.1 (énfasis nuestro).

A pesar de ello, las Reglas de Procedimiento Civil establecen que procede la anotación de rebeldía "[c]uando una parte contra la cual se solicite una sentencia que concede un remedio afirmativo **haya dejado de presentar alegaciones** o de defenderse en otra forma, según se dispone en estas reglas". Regla 45.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 45.1. Este remedio puede ser utilizado tanto en las instancias mencionadas, como en aquéllas en que una de las partes en el pleito no ha cumplido con algún mandato del tribunal, que conlleva la obligación del

foro judicial a imponerle la rebeldía como sanción. Ocasio v. Kelly Servs., 163 DPR 653, 670 (2005). A pesar de ello, la anotación de rebeldía "como sanción por su incumplimiento con una orden del tribunal siempre se debe dar dentro del marco de lo que es justo, y la ausencia de tal justicia equivaldría a un abuso de discreción". Rivera Figueroa v. Joe's European Shop, 183 DPR 580, 590 (2011).

Se ha resuelto que la consecuencia jurídica de anotar la rebeldía a una parte en un pleito será tener como aceptadas cada una de las alegaciones bien formuladas que hubieran sido incluidas en la demanda. Vélez v. Boy Scouts of America, 145 DPR 528, 534 (1998). Ahora bien, en el descargue de sus funciones, el Tribunal de Primera Instancia está en la obligación de comprobar cualquier aseveración esgrimida mediante la aportación de prueba que demuestra lo alegado. Hernández v. Espinosa, 145 DPR 248, 272 (1998). "[S]i un tribunal necesita, para poder dictar sentencia en rebeldía, comprobar la veracidad de cualquier alegación o hacer una investigación sobre cualquier otro asunto, deberá celebrar las vistas que estime necesarias y adecuadas". Ocasio v. Kelly Servs., *supra*, pág. 671.

En armonía con lo anterior, nuestro Tribunal Supremo ha reiterado que en el ámbito de la adjudicación de un pleito en rebeldía los foros judiciales no pueden actuar como meros autómatas. Íd., págs. 671-672. Es decir, "un trámite en rebeldía no garantiza *per se*, una sentencia favorable al demandante; el demandado no admite hechos incorrectamente alegados como tampoco conclusiones de derecho". Continental Ins. Co. v. Isleta Marina, 106 DPR 809, 817 (1978). Nótese que el objetivo de este mecanismo procesal no es conferirle una ventaja al demandante para obtener una sentencia a su favor, sino que lo que se persigue es estimular la tramitación ágil y efectiva de los pleitos ante los tribunales. J.R.T. v. Missy Mfg. Corp., 99 DPR 805, 811 (1971).

Por este motivo, un tribunal, al momento de resolver una solicitud de anotación de rebeldía, debe interpretar la Regla 45 de Procedimiento Civil, *supra*, **de forma liberal, lo que significa que debe siempre resolver**

**cualquier duda a favor de la parte que se opone a la concesión de la rebeldía. Esto es cónsono con la política judicial que prefiere que los casos se vean en sus méritos**. Neptune Packing Corp. v. Wackenhut Corp., 120 DPR 283, 293 (1988); Imp. Vilca, Inc v. Hogares Crea, Inc., 118 DPR 679, 686 (1987).

La Regla 45.3 de Procedimiento Civil dispone la facultad para dejar sin efecto una anotación de rebeldía. 32 LPRA Ap. V, R. 45.3. La misma señala que "[e]l tribunal podrá dejar sin efecto una anotación de rebeldía por causa justificada, y cuando se haya dictado sentencia en rebeldía, podrá asimismo dejarla sin efecto de acuerdo con la Regla 49.2. Íd. Nuestro más alto foro ha reconocido que la parte que alegue causa justificada puede: (1) presentar evidencia de circunstancias que a juicio del tribunal demuestren justa causa para la dilación, o (2) **probar que tiene una buena defensa en sus méritos y que el grado de perjuicio que se puede ocasionar a la otra parte con relación al proceso es razonablemente mínimo**. Rivera Figueroa v. Joe's European Shop, 183 DPR 580, 593 (2011).

### III.

En el presente caso, la Apelante nos solicitó la revocación de la *Sentencia Parcial* del TPI en la que se le anotó la rebeldía, se decretó el incumplimiento de contrato por parte de ésta y el desalojo de la propiedad en controversia.

Como único señalamiento de error, la Asociación sostiene que el TPI erró al emitir una *Sentencia Parcial* de desahucio por rebeldía, a pesar de que se mantuvo informado al Tribunal y se presentó la contestación a la *Reconvención*. Por su parte, MMC sostiene que el TPI le concedió tres (3) prórrogas de veinte (20) días cada una y aun así la Apelante no contestó la *Reconvención Enmendada* hasta vencida su última prórroga.

Del expediente ante nuestra consideración se desprende que el 24 de enero de 2025, la Asociación presentó una "**Demanda**" en contra de MMC sobre cobro de dinero. Tras la presentación por parte del Apelado de

una *Reconvención* y de múltiples incidencias procesales, el 25 de enero de 2025, el foro apelado le concedió a la Apelante un término de diez (10) días para replicar a la *Reconvención* presentada por MMC. No obstante, la Asociación solicitó tres (3) prórrogas los días 5 de mayo, 10 de junio y 2 de julio de 2025, invocando como fundamentos una contraoferta transaccional pendiente de respuesta y la ausencia del Presidente y del Vicepresidente de la Junta del Condominio por encontrarse éstos de viaje, lo cual imposibilitaba obtener su aprobación para presentar la correspondiente alegación responsiva. Es menester destacar que dichas extensiones fueron concedidas por el foro primario, por lo que, la juzgadora de instancia entendió justificadas todas y cada una de éstas. Sobre el particular, contrario a lo alegado por MMC en su alegato en oposición, solo la segunda prórroga fue presentada por la Asociación fuera del plazo concedido por el TPI. No obstante, y en lo que concierne a esa segunda prórroga, el Tribunal halló razonable dicha solicitud y fue concedida conforme peticionada.

El 28 de julio de 2025, MMC presentó una *Solicitud de Anotación de Rebeldía,* señalando que la última prorroga venció el 23 de julio de 2025 y que sus intentos de comunicación con la Asociación habían resultado infructuosos. El 29 de julio de 2025, y sin que tan siquiera hubieran transcurrido 24 horas desde la presentación de la petición de rebeldía, la Asociación presentó su *Réplica* y, ese mismo día, radicó además una moción en *Oposición* a la anotación de rebeldía en la que alegó que dicha solicitud se tornaba académica.

El 30 de julio de 2025, MMC planteó que la *Réplica* había sido presentada luego de vencido el término y reiteró su solicitud de que se anotara la rebeldía. Al día siguiente, el 31 de julio de 2025, la Asociación presentó su *Réplica a la Reconvención Enmendada* y ese mismo día, el foro *a quo* emitió *Sentencia Parcial* mediante la cual declaró la rebeldía de la Asociación, resolvió el contrato objeto de la controversia, decretó el desahucio por falta de pago y ordenó el desalojo de la unidad A-902 del Condominio Metro Medical Center.

Conforme adelantáramos en los acápites anteriores, la Regla 45.1 de Procedimiento Civil, *supra*, permite la anotación de rebeldía cuando la parte contra la cual se reclama un remedio incumple con la presentación de alegaciones o con su deber de defenderse de otra manera. No obstante lo anterior, dicha sanción únicamente procede dentro de los márgenes de lo que resulte justo, pues de lo contrario constituiría un ejercicio abusivo de la discreción judicial. <u>Rivera Figueroa v. Joe's European Shop</u>, *supra*, pág. 590. En tal virtud, los foros judiciales debemos interpretar esta disposición con criterio liberal, resolviendo toda duda en favor de la parte que se opone a la anotación, en armonía con la política pública que propugna la adjudicación de las controversias en sus méritos.

Tras un análisis exhaustivo del expediente ante nuestra consideración incluyendo la "**Demanda**", la *Reconvención Enmendada*, la *Réplica* y las *Mociones de Solicitud de Prórroga*, hemos arribado a la conclusión de que no procedía la anotación de rebeldía de la Asociación. Nos explicamos.

En el caso de autos, la Apelante solicitó tres (3) prórrogas que fueron fundamentadas, lo cual demuestra su clara intención de comparecer, alegar y defenderse de la *Reconvención* y de la *Reconvención Enmendada* presentadas por MMC. Las justificaciones ofrecidas en dichas mociones fueron consideradas válidas por el foro primario, al punto de que todas fueron concedidas. Pese a ello, luego de que la Asociación cumpliera con la presentación de su *Réplica* a ambos escritos, el TPI procedió a anotarle la rebeldía y dictar *Sentencia Parcial*. Tal determinación no se enmarca dentro de lo que constituye un ejercicio justo y razonable de la discreción judicial, y resulta incompatible con la política pública de nuestro ordenamiento, que incentiva que los casos sean adjudicados en sus méritos. Resolver en sentido contrario equivaldría a sancionar a una parte que, lejos de mostrarse renuente o indiferente al proceso, demostró voluntad de atender las reclamaciones en su contra y que compareció antes de que el foro de instancia dictara la *Sentencia Parcial* apelada.

Sobre este extremo, un análisis del expediente electrónico del TPI refleja las causas justificadas para cada una de las solicitudes de extensión del plazo para presentar alegación responsiva a la *Reconvención* y la *Reconvención Enmendada*. El hecho de que la Asociación hubiera comparecido, en primera instancia, para replicar a la *Reconvención* y posteriormente, a la *Reconvención Enmendada* no tiene un efecto trascendental sobre MMC ni sobre el pleito, puesto que esta última alegación se presentó para eliminar causas de acción y no para añadir teorías adicionales. Lo anterior implica que desde la *Réplica* ya la Apelada conocía de las defensas invocadas por la Asociación para controvertir las alegaciones plasmadas en su contra.

En fin, somos de la opinión de que la Asociación tiene una buena defensa en sus méritos y que no se deprende de los autos un grado de perjuicio a tal magnitud que se le pueda ocasionar a MMC al permitir la *Réplica a la Reconvención* que presentó la Asociación **a menos de 24 horas** de presentada la solicitud de rebeldía y antes de que el TPI dictara la *Sentencia Parcial* apelada. Rivera Figueroa v. Joe's European Shop, *supra*, pág. 593. **Sobre este particular, no puede pasar desapercibido que el pleito se encuentra en etapas tempranas del proceso y que ni tan si quiera se ha celebrado la *Conferencia Inicial* en el caso**.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte integral del presente *dictamen*, se *revoca* la *Sentencia Parcial* apelada y, en consecuencia, se deja sin efecto la anotación de rebeldía que el TPI le impuso a la Asociación.

Se devuelve el caso al foro de instancia para la continuación de los procedimientos consistentes con lo aquí resuelto.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones