ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| CARMEN MILAGROS RÍOS NEGRÓN<br><br>Parte Peticionaria<br><br><br>v.<br><br><br><br>MYRIAN RODRÍGUEZ LATIMER<br><br>Parte Recurrida | KLCE202400820 | *Certiorari,*<br>procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.:<br>CD2023CV00304<br><br><br>Sobre:<br>Desahucio por falta de pago |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Salgado Schwarz y el Juez Monge Gómez.

Monge Gómez, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de agosto de 2024.

Compareció ante este Tribunal la parte peticionaria, la Sra. Carmen M. Ríos Negrón (en adelante, la "señora Ríos Negrón" o la "Peticionaria"), mediante recurso de *certiorari* presentado el 29 de julio de 2024. Nos solicitó la revocación de la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Caguas (en adelante, el "TPI"), el 10 de mayo de 2024, notificada y archivada en autos el 13 de mayo de 2024. Dicho dictamen fue objeto de una "**Urgente Moción de Reconsideración**" interpuesta por la señora Ríos Negrón, la cual fue declarada "No Ha Lugar" mediante *Resolución* de 27 de junio de 2024, notificada al día siguiente.

Por los fundamentos que expondremos a continuación, *denegamos* la expedición del auto de *certiorari*.

## I.

El caso de epígrafe tuvo su génesis con la presentación de una "**Demanda**" sobre desahucio por parte de la señora Ríos Negrón en contra de la Sra. Myriam Rodríguez Latimer (en adelante, la "señora Rodríguez Latimer" o la "Recurrida"). En la misma, alegó que es propietaria de un bien

inmueble localizado en el Municipio de Cidra, cuya descripción lee como sigue:

> Rústica: Parcela número tres. Predio de terreno radicado en el Barrio Bayamón en Cidra, Puerto Rico. Con una cabida superficial de 1,100.911 metros cuadrados. En lindes por el Norte con servidumbre de paso; por el Sur, con la parcela numero seis; por el Este, con la parcela numero dos y por el Oeste, con la parcela numero cuatro. Enclava una estructura de concreto con fines residenciales.[1]

Asimismo, expresó que el 12 de marzo de 2019 otorgó cierto "**Contrato de Opción y Promesa de Compraventa"** (en adelante, el "Contrato") a favor de la Recurrida, mediante el cual acordaron que el precio de la venta del referido inmueble sería por la cantidad de $40,000.00. Indicó que, en esa misma fecha, la señora Rodríguez Latimer se obligó a entregarle la cantidad de $6,500.00, más una mensualidad de $800.00 por un término de 36 meses. Manifestó que la Recurrida no realizaba los pagos a tiempo y se comportaba de manera hostil cuando le exigía su cumplimiento. Asimismo, señaló que, a ese entonces, presentaba varios meses de atraso en los pagos. Por último, arguyó que el plazo para ejercer el derecho de opción venció, a pesar de sus múltiples gestiones para realizar dicho trámite.

En armonía con lo anterior, le peticionó al Tribunal que emita una orden para que la señora Rodríguez Latimer desaloje la propiedad y efectúe el pago de los cánones de arrendamiento adeudados ascendentes a $2,400.00, así como las costas y honorarios de abogados correspondientes.

Posteriormente, el 27 de noviembre de 2023, la Recurrida presentó "**Contestación a Demanda y Reconvención**" mediante la cual negó haber realizado pagos con retraso y expresó que no adeudaba ninguna suma de dinero. Del mismo modo, sostuvo que el término de tres (3) años para otorgar la correspondiente escritura de compraventa expiró por causas exclusivamente atribuibles a la Peticionaria. Específicamente, indicó que la señora Ríos Negrón le adeudaba la cantidad de $12,000.00 al Centro de Recaudación de Ingresos Municipales (en adelante, el "CRIM") y que se

---

[1] *Véase*, Apéndice del recurso de *Certiorari*, pag. 1.

había negado a firmar los documentos requeridos por la institución bancaria para perfeccionar la compraventa del inmueble en cuestión.

Por su parte, en su *Reconvención* argumentó que, como parte de sus obligaciones, la Peticionaria debía cooperar en el proceso relacionado a la transacción de la compraventa de la propiedad, proporcionando la documentación e información necesaria y efectuando el pago de las contribuciones correspondientes. Sostuvo que la señora Ríos Negrón actuó de manera temeraria y con mala fe al intentar desalojarla de la propiedad. Expresó que, durante los pasados años, ha pagado $35,0000.00 en alquiler, suma que se ha abonado al precio de compraventa, por lo que únicamente restaba un saldo de $5,000.00. También señaló que le ha hecho mejoras importantes a la estructura, las cuales sobrepasan la cantidad de $25,000.00.

A tenor con lo anterior, le solicitó al Tribunal lo siguiente: (1) declare "No Ha Lugar" la "**Demanda**" sobre desahucio y cobro de dinero instada en su contra, (2) declare "Con Lugar" su *Reconvención,* (3) ordene a la Peticionaria a cumplir cabalmente con las disposiciones del *Contrato* y al pago de una suma no menor de $75,000.00 por daños y perjuicios, (4) le imponga a la Peticionaria costas, gastos y honorarios de abogado por una suma no menor de $20,000.00 y (5) el pago de una suma no menor de $25,000.00 por angustias mentales.

Así las cosas, el 19 de enero de 2024 se llevó a cabo la *Conferencia Inicial*. En la misma, el TPI le ordenó a la señora Ríos Negrón a presentar copia del *Contrato* objeto de la controversia y le ordenó a la Recurrida que presentara evidencia de las gestiones que ha realizado ante las instituciones financieras para llevar a cabo la compraventa. De igual manera, le requirió a esta última presentar la evidencia de los pagos efectuados bajo el *Contrato.* Surge de la Minuta de los procedimientos que la Peticionaria expresó que ese día se estaría radicando su contestación a la *Reconvención* presentada por la Recurrida.

El 25 de enero de 2024, la señora Rodríguez Latimer presentó "**Moción en Solicitud de Remedio**" mediante la cual expresó que 4 de

diciembre de 2023 el TPI le requirió a la Peticionaria que replicara a la *Reconvención* y que, a esa fecha, esta última no había presentado alegación responsiva. En vista de lo anterior, solicitó que se le anotara la rebeldía a la señora Ríos Negrón, se declarara "Con Lugar" la *Reconvención* y "No Ha Lugar" la "**Demanda**". Transcurridos varios meses, el 10 de mayo de 2024, notificada el 13 del mismo mes y año, el foro de instancia emitió una *Orden* a través de la cual le anotó la rebeldía de la señora Ríos Negrón, por dejar de presentar alegación responsiva en torno a la *Reconvención* instada en su contra.

El mismo día de la notificación de dicho dictamen la Peticionaria presentó una "**Urgente Moción de Reconsideración**". A través de este escrito, solicitó que se levantara la anotación de rebeldía. Sostuvo que, a su mejor entender, de lo discutido durante la *Conferencia Inicial*, el TPI no dio paso a la *Reconvención* y que al examinar la Minuta de los procedimientos no se le ordenó que presentara alegación responsiva. Peticionó que se aclarara dicho particular y se le concediera un plazo de cinco (5) días para contestar la *Reconvención*. Tras la presentación de la oposición por parte de la Recurrida, el 27 de junio de 2024 el foro de instancia emitió *Orden* denegando la solicitud de reconsideración presentada por la Peticionaria.

Aún inconforme con lo anteriormente resuelto, la señora Ríos Negrón acudió ante este Tribunal mediante el recurso de epígrafe, en el que señaló el siguiente error:

> Primer Error: Erró el Honorable Tribunal de Primera Instancia al imponer la rebeldía al demandante impidiendo contestar la reconvención, toda vez que en la vista celebrada el 19 de enero de 2024, el Tribunal [o]rdenó a la demandada a proveer la información en cuanto a la ejecución de la opción a compra para determinar los remedios a conceder, y finiquitar el pleito, entendiéndose innecesaria la contestación a reconvención. Sumado a la naturaleza sumaria del asunto que impide se presente reconvención sin haberse convertido a ordinario.

El 29 de agosto de 2024, compareció la señora Rodríguez Latimer mediante "**Oposición a que se expida Petición de *Certiorari***".

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

**II.**

**A.**

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. Mun. de Caguas v. JRO Construction, 201 DPR 703, 711 (2019); IG Builders et al. v. BBVAPR, 185 DPR 307, 337-338 (2012). A pesar de ser un recurso procesal excepcional y discrecional, el tribunal revisor no debe perder de vista las demás áreas del derecho. Mun. de Caguas v. JRO Construction, *supra,* pág. 711. La Regla 52.1 de Procedimiento Civil, dispone que, como norma general, este Tribunal de Apelaciones solo expedirá dicho recurso en dos situaciones particulares, siendo estas: (1) cuando se recurra de una resolución u orden bajo las Reglas 56 y 57; o (2) cuando se recurra de la denegatoria de una moción de carácter dispositivo. 32 LPRA Ap. V, R. 52.1.

Sin embargo, como excepción a lo mencionado anteriormente, este foro apelativo intermedio podrá revisar órdenes o resoluciones interlocutorias dictadas por el TPI cuando se recurra de lo siguiente: (1) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (2) asuntos relativos a privilegios evidenciarios; (3) anotaciones de rebeldía; (4) en casos de relaciones de familia; y (5) en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Íd.

Así, con el objetivo de ejercer de manera prudente nuestra facultad discrecional, es preciso acudir a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. Banco Popular de Puerto Rico v.  Gómez Alayon, 213 DPR ___ (2023); 2023 TSPR 145. Esta norma cobra mayor relevancia en situaciones en las que no hay disponibles métodos alternos para asegurar la revisión de la determinación cuestionada. Íd. A esos efectos, la referida Regla establece los siguientes criterios a evaluar:

> A.  Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.

B.  Si la situación de hechos planteada es la más indicada para el análisis del problema.

C.  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F.  Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. Íd.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debe ser utilizado con cautela y por razones de peso. Pueblo v. Díaz de León, 176 DPR 913, 918 (2009). En ese sentido, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. García v. Padró, 165 DPR 324, 334 (2005). También se ha definido como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Banco Popular de Puerto Rico v.  Gómez Alayon, *supra*, pág. 13. En otras palabras, el adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". Pueblo v. Ortega Santiago, 125 DPR 203, 211 (1990).  Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. S.L.G. Flores, Jiménez v. Colberg, 173 DPR 843 (2008).

**B.**

La Regla 10.1 de las de Procedimiento Civil le impone la obligación de toda parte contra quien se presenta una reconvención de notificar su réplica dentro de los diez (10) días de presentada la contestación a la demanda. 32 LPRA Ap. V, R. 10.1. Así pues, las Reglas de Procedimiento

Civil establecen que procede la anotación de rebeldía "[c]uando una parte contra la cual se solicite una sentencia que conceda un remedio afirmativo **haya dejado de presentar alegaciones** o de defenderse en otra forma, según se dispone en estas reglas". 32 LPRA Ap. V, R. 45.1. Este remedio puede ser utilizado tanto en las instancias mencionadas, como en aquéllas en que una de las partes en el pleito no ha cumplido con algún mandato del tribunal, que conlleva la obligación del foro judicial a imponerle la rebeldía. Ocasio v. Kelly Servs., 163 DPR 653, 670 (2005). A pesar de ello, la anotación de rebeldía "como sanción por su incumplimiento con una orden del tribunal siempre se debe dar dentro del marco de lo que es justo, y la ausencia de tal justicia equivaldría a un abuso de discreción". Rivera Figueroa v. Joe's European Shop, 183 DPR 580, 590 (2011).

Se ha resuelto que la consecuencia jurídica de anotar la rebeldía a una parte en un pleito será tener como aceptadas cada una de las alegaciones bien formuladas que hubieran sido incluidas en la demanda. Vélez v. Boy Scouts of America, 145 DPR 528, 534 (1998). Ahora bien, en el descargue de sus funciones, el Tribunal de Primera Instancia está en la obligación de comprobar cualquier aseveración esgrimida mediante la aportación de prueba que demuestra lo alegado. Hernández v. Espinosa, 145 DPR 248, 272 (1998). "[S]i un tribunal necesita, para poder dictar sentencia en rebeldía, comprobar la veracidad de cualquier alegación o hacer una investigación sobre cualquier otro asunto, deberá celebrar las vistas que estime necesarias y adecuadas." Ocasio v. Kelly Servs., *supra*, pág. 671.

En armonía con lo anterior, nuestro Tribunal Supremo ha reiterado que en el ámbito de la adjudicación de un pleito en rebeldía los foros judiciales no pueden actuar como meros autómatas. Íd., págs. 671-672. Es decir, "un trámite en rebeldía no garantiza per se, una sentencia favorable al demandante; el demandado no admite hechos incorrectamente alegados como tampoco conclusiones de derecho". Continental Ins. Co. v. Isleta Marina, 106 DPR 809, 817 (1978). Nótese que el objetivo de este mecanismo procesal no es conferirle una ventaja al demandante para

obtener una sentencia a su favor, sino que lo que se persigue es estimular la tramitación ágil y efectiva de los pleitos ante los tribunales. J.R.T. v. Missy Mfg. Corp., 99 DPR 805, 811 (1971).

Por este motivo, un tribunal, al momento de resolver una solicitud de anotación de rebeldía, debe interpretar la Regla 45 de Procedimiento Civil, *supra*, de forma liberal, lo que significa que debe siempre resolver cualquier duda a favor de la parte que se opone a la concesión de la rebeldía. Esto es cónsono con la política judicial que prefiere que los casos se vean en sus méritos. Neptune Packing Corp. v. Wackenhut Corp.*,* 120 DPR 283, 293 (1988); Imp. Vilca, Inc v. Hogares Crea, Inc.*,* 118 DPR 679, 686 (1987).

La Regla 45.3 de Procedimiento Civil dispone la facultad para dejar sin efecto una anotación de rebeldía. 32 LPRA Ap. V, R. 45.3. La misma señala que "[e]l tribunal podrá dejar sin efecto una anotación de rebeldía **por causa justificada**, y cuando se haya dictado sentencia en rebeldía, podrá asimismo dejarla sin efecto de acuerdo con la Regla 49.2 [de Procedimiento Civil]". Íd. (énfasis suplido). Nuestro más alto foro ha reconocido que la parte que alegue una causa justificada puede: (1) presentar evidencia de circunstancias que a juicio del tribunal demuestren justa causa para la dilación, o (2) probar que tiene una buena defensa en sus méritos y que el grado de perjuicio que se puede ocasionar a la otra parte con relación al proceso es razonablemente mínimo. Rivera Figueroa v. Joe's European Shop, 183 DPR 580, 593 (2011).

**III.**

En el presente caso, la Peticionaria nos solicitó la revocación de la *Orden* del TPI, a través de la cual se le anotó la rebeldía por dejar de presentar alegación responsiva en torno a la *Reconvención*.

Como único señalamiento de error, la señora Ríos Negrón argumentó que el TPI erró al imponerle la rebeldía, por no proveer una contestación a la *Reconvención* puesto que dicha alegación no era necesaria conforme a lo ordenado por dicho foro durante la *Conferencia Inicial* celebrada el 19 de enero de 2024.

Surge del expediente ante nuestra consideración, que el 10 de octubre de 2023 la Peticionaria presentó una "**Demanda**" sobre desahucio en contra de la señora Rodríguez Latimer. Esta última presentó una *Reconvención* el 27 de noviembre de 2023. Igualmente, los autos reflejan que la señora Ríos Negrón no contestó las alegaciones esgrimidas en su contra en la *Reconvención*, a pesar de que de la Minuta de la *Conferencia Inicial* celebrada en el caso se comprometió a así hacerlo. Del mismo modo, de la transcripción de la aludida vista surge que el TPI ordenó lo siguiente:

> Me tiene que presentar el contrato, que no lo tengo aquí. Segundo. La licenciada me tiene que presentar las gestiones financieras que realizó su cliente…

> […]

> Entonces, presénteme eso en cinco días, el Tribunal lo evalúa y determinará si entonces se prosigue con este caso de…para que entonces se finiquite el negocio jurídico y/o se procede con el desahucio, una de dos.[2]

Dado a que la señora Ríos Negrón no presentó la réplica a la *Reconvención*, el 13 de mayo de 2024 el TPI le anotó la rebeldía. La Peticionaria argumenta que no procede mantener la rebeldía en el presente caso por las siguientes razones: (1) conforme a lo expresado por el TPI en la vista de *Conferencia Inicial*, no existían asuntos mayores pendientes y (2) el procedimiento presentado es uno sumario, por lo que es necesario que se convierta en ordinario para presentar una reconvención.

Tras examinar la prueba documental que consta en el legajo apelativo, el expediente electrónico del TPI y la transcripción de la *Conferencia Inicial*, no encontramos base que respalde la expedición del presente recurso discrecional. Evaluados los hechos particulares de este caso, resolvemos que el TPI no abusó de su discreción al anotarle la rebeldía a la Peticionaria. Transcurrieron 172 días desde que la señora Rodríguez Latimer presentó la *Reconvención* en controversia hasta la fecha en que el TPI le anotó la rebeldía a la Peticionaria, así como 161 días desde que el foro de instancia le ordenó a la Peticionaria a que presentara su réplica a la *Reconvención* y 115 días desde que la señora Ríos Negrón se

---

[2] *Véase*, Apéndice del recurso de *Certiorari*, págs. 32 y 37.

comprometió durante la *Conferencia Inicial* a presentar su contestación hasta que finalmente se le anotó la rebeldía a esta última. Además de lo anterior, el "mejor parecer" de la Peticionaria no constituye una causa justificada reconocida en nuestro ordenamiento para dejar sin efecto una anotación de rebeldía, sobre todo cuando no existe una determinación en los méritos sobre la procedencia de la *Reconvención* por parte del foro recurrido. Tampoco medió una solicitud por parte de la Peticionaria para que no se permitiera la misma debido a la naturaleza sumaria del procedimiento. Las expresiones vertidas durante la *Conferencia Inicial* no fueron indicativas de que la Peticionaria quedó relevada de cumplir con la Regla 10.1 de Procedimiento Civil, *supra*, y proceder a presentar su contestación a la *Reconvención*. En fin, no se nos ha puesto en posición de interpretar cómo sostener la determinación recurrida representa un grave perjuicio para la señora Ríos Negrón, ni cuáles son las defensas que tiene a su disposición.

En vista de lo anterior, somos de la opinión de que el caso en cuestión no satisface ninguno de los criterios establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* que exigiría la expedición del auto de *certiorari* para reemplazar el criterio del TPI por el nuestro.

**IV**.

Por los fundamentos que anteceden, *denegamos* la expedición del auto de *certiorari* presentado ante nuestra consideración.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones