ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| KRIS KWAK<br><br>Recurrido<br><br>v.<br><br>HÉCTOR LUIS OTERO SANTOS Y OTROS<br><br>Peticionario | KLCE202500148 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Carolina<br><br>Caso Núm. CA2024CV02550<br><br>Sobre:<br>Cobro de Dinero Ordinario y otros |
| --- | --- | --- |

Panel integrado por su presidente el Juez Bermúdez Torres, la Jueza Martínez Cordero y el Juez Cruz Hiraldo

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 24 de marzo de 2025.

I.

El 1 de agosto de 2024, el Sr. Kris Kwak instó una *Demanda* sobre cobro de dinero, incumplimiento de contrato y daños en contra del Sr. Héctor Luis Otero Santos, su esposa, la Sra. Franchesca Rengel y la Sociedad Legal de Gananciales. Alegó que, para la fecha de agosto 2023, el señor Otero Santos, sin previa notificación, incumplió con el pago del canon de arrendamiento correspondiente a ese mes. Adujo que el 5 de septiembre de 2023 le notificó al señor Otero Santos la cantidad adeudada y que ese mismo día, el señor Otero Santos le notificó que cerraría el negocio *Mr. Jeff*.

El señor Kwak alegó que se comunicó con el señor Otero Santos nuevamente respecto a la falta de pago de varios cánones y la penalidad por pago tardío, amén de que, debía desalojar la propiedad. Arguyó que, luego de varios esfuerzos para cobrar la cantidad adeudada y la entrega de la llave del local comercial, incurrió en inversiones para reparar los daños a la propiedad. Entre otros asuntos, el señor Kwak reclamó $15,891.46 más la imposición del interés legal desde la fecha del primer incumplimiento de pago.

El 22 de agosto de 2024 el señor Otero Santos fue emplazado personalmente.[1] El 24 de septiembre de 2024 el señor Kwak solicitó la anotación de rebeldía luego de que el 23 de septiembre de 2024 concluyera el término para la presentación de la alegación responsiva a la *Demanda*. El 27 de septiembre de 2024, notificada el 30, el Tribunal de Primera Instancia emitió *Resolución* anotando la rebeldía.

El 18 de octubre de 2024, el señor Otero Santos presentó *Contestación a Demanda y Solicitud de Desestimación en cuanto a la Inexistente Sociedad Legal de Gananciales*. Alegó que, **previo** a la radicación de la *Demanda,* las partes llegaron a un acuerdo verbal mediante el cual el señor Kwak resolvería el Contrato a través de la retención del depósito entregado y el pago de la cantidad adicional de $4,900.00 los que serían satisfechos en distintos pagos. Adujo que, realizó cuatro pagos de $500.00 para un total de $2,000.00 y que, los daños a la propiedad son inexistentes y/o preexistentes. Ese mismo día el señor Otero Santos presentó *Moción de Consignación*. Arguyó que la cantidad pendiente de pago es de $2,900.00.

El 24 de noviembre de 2024, notificada el 26, el Foro primario emitió *Resolución Interlocutoria,* desautorizando la presentación de la contestación a la demanda. Determinó que el señor Otero Santos no había expresado justa causa que ameritara levantar la rebeldía anotada. Sostuvo que los escritos del señor Otero Santos carecen de argumento alguno que permitiera acoger cualquier presentación suya como una reconsideración ausente justa causa para la dilación en su proceder.

El 3 de diciembre de 2024 el señor Otero Santos presentó *Moción Reconsideraci[ó]n de Orden Docket 24*. En igual fecha, instó

---

[1] *Recurso de Certiorari*, en la pág. 2; *Alegato de la parte apelada,* en las págs. 10-12.

*Moción en Solicitud de Reconsideraci[ó]n de Orden Docket 25.* Entre otros asuntos, alegó que, por error, no fue radicada la *Moción Asumiendo Representación Legal y en Solicitud de Levantamiento de Anotación de Rebeldía* con fecha anterior y solicitó al Tribunal que se tomara como reconsideración a la *Resolución Interlocutoria.* Sostuvo que tiene una defensa en los méritos del caso, que interesa defenderse de las alegaciones, y que tal dilación no ocasiona perjuicio al señor Kwak. El 14 de enero de 2024, notificada el 16, el Foro primario emitió una *Orden* declarando No Ha Lugar la solicitud de reconsideración.

Todavía inconforme, el 13 de febrero de 2024, el señor Otero Santos compareció ante nos mediante *Certiorari.* Plantea que "[c]ometió grave error y abusó de su discreción el Tribunal de Primera Instancia al negarse a levantarle la rebeldía al Peticionario aun cuando éste acreditó tener una buena defensa en los méritos de la reclamación en su contra". El 24 de febrero de 2025 acudió ante nosotros con *Moción en Solicitud de Auxilio de Jurisdicción,* pidiendo la paralización de los procedimientos toda vez que el Foro primario pautó una vista en rebeldía para el 18 de marzo de 2025.

El 25 de febrero de 2025, emitimos *Resolución* declarando No Ha Lugar a la *Moción en Auxilio de Jurisdicción* y le concedimos a la parte recurrida un término de cinco (5) días para fijar su posición. El 4 de marzo de 2025 el señor Kwak instó *Solicitud de Prórroga.* El 6 de marzo de 2025 emitimos *Resolución* confiriéndole prórroga al señor Kwak para presentar su oposición al recurso incoado. Así lo hizo el 14 de marzo de 2025 mediante *Moción en Cumplimiento de Resolución, Moción de Desestimación y Oposición a Petición de Certiorari.*

Con el beneficio de la comparecencia de las partes, el Derecho y jurisprudencia aplicables, resolvemos.

## II.

### A.

Como sabemos, el auto de *certiorari* es un vehículo procesal extraordinario mediante el cual, podemos revisar determinaciones interlocutorias del Tribunal de Primera Instancia. Este recurso se caracteriza porque su expedición descansa en la sana discreción del tribunal revisor.[2] No obstante, la discreción para expedir el recurso y adjudicarlo en sus méritos, no es irrestricta, ni implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho.[3]

En <u>primer</u> lugar, la Regla 52.1 de Procedimiento Civil,[4] establece nuestro marco de autoridad y prohíbe intervenir en las determinaciones interlocutorias dictadas por el Tribunal de Primera Instancia salvo limitadas excepciones.[5] Dispone que, el recurso de *certiorari* para resolver resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, será expedido por el Tribunal de Apelaciones cuando se recurre de: (1) una resolución u orden bajo las Reglas 56 (Remedios Provisionales) y 57 (Injunction) de Procedimiento Civil; (2) la denegatoria de una moción de carácter dispositivo; y, **(3) por excepción de**: (a) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (b) asuntos relativos a privilegios evidenciarios; **(c) anotaciones de rebeldía**; (d) casos de relaciones de familia; (e) casos que revistan interés público; y (f) cualquier otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia.

En <u>segundo</u> lugar, acreditada debidamente nuestra autoridad para intervenir en el asunto recurrido, a tenor con la anterior

---

[2] *Pueblo* v. *Rivera Montalvo,* 205 DPR 352 (2020); *Pueblo* v. *Díaz De León,* 176 DPR 913 (2009).

[3] *Rivera Montalvo*, 205 DPR en la pág. 372; *Medina Nazario* v. *McNeil Healthcare LLC,* 194 DPR 723, 728-729 (2016); *Pueblo* v. *Custodio Colón,* 192 DPR 567, 588 (2015).

[4] 32 LPRA Ap. V, R. 52.1.

[5] *Scotiabank de Puerto Rico* v. *Zaf Corporation*, 202 DPR 478, 487 (2019).

disposición reglamentaria, la Regla 40 de nuestro Reglamento nos señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari*. Dispone:

> **Regla 40. Criterios para expedición del auto de *certiorari***
>
> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> **(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.**
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[6]

B.

Una vez se inicia un procedimiento judicial mediante la presentación de una demanda, la otra parte tiene la obligación de contestarla dentro del término de 30 días de haber sido emplazada debidamente.[7] La parte demandada tiene el deber continuo de defenderse durante todo el proceso judicial de cualesquiera alegaciones que haga la parte demandante en su contra.[8]

Es por lo anterior que procede la anotación de rebeldía "[c]uando una parte contra la cual se solicite una sentencia que concede un remedio afirmativo *haya dejado de presentar*

---

[6] 4 LPRA Ap. XXII-B, R. 40.
[7] 32 LPRA Ap. V, R. 10.1.
[8] 32 LPRA Ap. V, R. 5.1 y R. 6.2.

*alegaciones o de defenderse* en otra forma según se dispone en estas reglas".[9] El efecto que tiene una anotación de rebeldía es que se dan "por admitidas las aseveraciones de las alegaciones afirmativas".[10] Es decir, la consecuencia jurídica de anotar la rebeldía a una parte en un pleito es tener como aceptadas cada una de las alegaciones bien formuladas de la demanda. Esto no quiere decir que el Tribunal tiene que conceder automáticamente el remedio solicitado, primero debe evaluar si existe una causa de acción que amerite la concesión de lo reclamado.[11]

La anotación de rebeldía resulta apropiada en aquella instancia donde la persona emplazada no comparece, pues permite que el proceso judicial no se vea paralizado y se continúe dilucidando sin que ese demandado participe.[12] Así, en virtud de esta herramienta procesal, el ejercicio de la prerrogativa por parte de un demandado de actuar en rebeldía no consigue dilatar el litigio, sino que constituye una renuncia a la realización de ciertos actos procesales, en perjuicio de sus propios intereses.[13]

En nuestra práctica forense es principio inmutable que todo caso debe ser resuelto en sus justos méritos.[14] Pero ese principio no es absoluto, ya que ninguna de las partes, la que reclama o la que se defiende, tiene derecho a mantener a la otra en la sombra incierta de la espera indefinida, sin más excusa para su propia falta de diligencia e intereses en la tramitación del pleito que una escueta referencia a circunstancias especiales.[15] De manera que, para que proceda el levantamiento de la anotación de rebeldía, es necesario probar la **causa justificada** requerida por la Regla 45.3 de

---

[9] 32 LPRA Ap. V, R. 45.1.
[10] *Id.*
[11] *Álamo* v. *Supermercado Grande, Inc.*, 158 DPR 93, 101 (2002); *Vélez* v. *Boy Scouts of América*, 145 DPR 528, 534 (1998).
[12] R. Hernández Colón, *Derecho Procesal Civil*, 5ta ed., San Juan, Ed. Lexisnexis, 2010, sec. 2701, pág. 287.
[13] *Rivera Figueroa* v. *Joe's European Shop, et al.*, 183 DPR 580, 588 (2011).
[14] *Rivera et al.* v. *Superior Pkg., Inc. et al.*, 132 DPR 115, 124 (1992).
[15] *Mun. de Arecibo* v. *Almac. Yakima*, 154 DPR 217, 221-222 (2001).

Procedimiento Civil.[16] "**Esto es, la parte podría presentar evidencia de circunstancias que a juicio del tribunal demuestren justa causa para la dilación, o probar que tiene una buena defensa en sus méritos y que el grado de perjuicio que se puede ocasionar a la otra parte con relación al proceso es razonablemente mínimo**".[17]

III.

En el recurso ante nos, el señor Otero Santos imputa al Foro primario cometer grave error y abusar de su discreción al negarse a levantarle la rebeldía a pesar de haberle acreditado tener una buena defensa en los méritos de la reclamación en su contra. No nos persuade.

El 22 de agosto de 2024 el señor Otero Santos fue emplazado personalmente. Sin embargo, su primera comparecencia fue el 18 de octubre de 2024, pretendiendo, tardíamente, instar su contestación a la *Demanda*. No es hasta el 3 de diciembre de 2024, que alegó que por error no fue radicada la *Moción Asumiendo Representación Legal y en Solicitud de Levantamiento de Anotación de Rebeldía* con fecha del 15 de octubre del 2024. En dicha moción expresó que se había demorado en comparecer ya que se encontraba recopilando la documentación necesaria para la presentación de las defensas correspondientes. Evidentemente, esa no es razón ni justa causa para incumplir con el término reglamentario que tenía para incoar su alegación responsiva. No abusó de su discreción el Tribunal de Primera Instancia al anotar la rebeldía. Tampoco actuó con pasión, prejuicio o contrario a derecho. A la luz de la Regla 40 de nuestro Reglamento, no existe situación excepcional por la cual debamos expedir el auto solicitado.

---

[16] *Rivera Figueroa*, 183 DPR en la pág. 593; 32 LPRA Ap. V, R. 42.3.
[17] *Id.*

## IV.

Por los fundamentos expuestos, *denegamos* la expedición del auto de *Certiorari* solicitado.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


                              Lcda.  Lilia M. Oquendo Solís
                         Secretaria del Tribunal de Apelaciones