ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| JASON GONZÁLEZ Y OTROS<br><br>Apelados<br><br>v.<br><br>EMMANUEL GONZÁLEZ GONZÁLEZ Y OTROS<br><br>Apelantes | TA2026AP00045 | Recurso de *Apelación*, procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Caso Núm.: AG2024CV00089<br><br>Sobre: Acción Contradictoria de Dominio; Nulidad de Sentencia |

Panel integrado por su presidente el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de febrero de 2026.

Comparecen mediante Emmanuel González Jr. y Paulina González (en conjunto, "matrimonio González" o "Apelantes") *Apelación* y nos solicitan que revoquemos una *Sentencia*, emitida el 8 de diciembre de 2025 y notificada el 12 de diciembre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Aguadilla ("TPI"). En virtud del aludido dictamen, el TPI anuló la sentencia dictada en el Caso Núm. AAC2018-0177. Como consecuencia, ordenó la cancelación de los asientos registrales inscritos a favor del matrimonio González. En su lugar, ordenó la inscripción a favor de la Sucesión Iris Milda González Villafañe.

Por los fundamentos que proceden, se *confirma* la determinación apelada.

**I.**

El 23 de enero de 2024, Jason y David González ("Apelados") presentaron una *Demanda*, la cual fue enmendada el 19 de marzo de 2024, sobre acción contradictoria de dominio y nulidad de sentencia en contra su hermano Emmanuel y su esposa, Paulina, entre otros. Señalaron que su madre, Iris Milda González Villafañe había adquirido de su primo, Héctor M. Villafañe Hernández, los inmuebles descritos a continuación:

(a) ---"RÚSTICA: Solar radicado en el Barrio Victoria de Aguadilla con un área de 388.5 metros cuadrados. En lindes: por el Norte, en 19.50 metros con Carmen Mora; por el Sur, en 22.50 metros con Tomás Echevarría; por

el Este, en 18.50 metros con la carretera insular; y por el Oeste, con Sucesión Estéves. Contiene 2 casas terreras de madera techadas en zinc, una de 20 pies de frente por 30 pies de fondo y la otra de 20 pies de frente por 24 pies de fondo." Inscrita al folio 61 del tomo 91 de Aguadilla, finca # 4,573 del Registro de la Propiedad de Aguadilla, Sección Primera.

Consta inscrita a favor de MANUEL GONZÁLEZ VILLAFAÑE y su esposa GLADYS SOTO GONZÁLEZ al folio 61 del tomo 91 de Aguadilla, finca # 4,573 del Registro de la Propiedad de Aguadilla, Sección Primera, inscripción 3ra, según surge de la escritura 273, otorgada en Aguadilla ante el notario Héctor Reichard el 23 de diciembre de 1986.

Documentos presentados en el Registro de la Propiedad:

Sentencia enmendada, emitida por el Juez Abid Quiñones Portalatín, fechada el 20 de diciembre de 2019 y enmendada el 3 de junio de 2020, sobre CANCELACIÓN DE TÍTULO INSCRITO CONTRADICTORIO Y NUEVA INSCRIPCIÓN a favor de los demandantes Emmanuel González Jr. Paulina González y la Sociedad Legal de Gananciales compuesta por ambos. Presentada como transacción de Expediente de Dominio y presentada el 27 de junio de 2022 a las 4:33PM por el Lcdo. José M. Pérez Villanueva.

(b) ---URBANA: Barrio Victoria de Aguadilla, solar con una cabida de doscientos nueve punto veinticinco (209.25) metros cuadrados. En lindes que mide nueve (9.00) metros de frente que es el ESTE, con carretera; veinticuatro (24) metros al SUR con la finca que se segrega; nueve (9.00) metros al NORTE con Sucesión Esteves y veintidós y medio (22.50) metros al OESTE con el resto de la finca principal de que se segrega. Contiene una (1) casa de maderas techada en zinc de seis (6) metros frente.

Consta inscrita al Folio ciento sesenta y dos (162), del tomo ciento diez (110) finca número cuatro mil setecientos noventa y seis (4796), inscripción primera.

No obstante, sostuvieron que, de conformidad con la Sentencia dictada en el caso ACC2018-0177, sobre expediente de dominio, las propiedades fueron inscritas a nombre del matrimonio González. Manifestaron que los apelantes presuntamente adquirieron la propiedad a través de una compraventa llevada a cabo sin el consentimiento de su madre. A raíz de lo anterior, arguyeron que la Sentencia fue obtenida mediante una falsa representación al Tribunal, en cuanto a la forma en la que adquirieron la propiedad. Por tanto, solicitaron que se declarara la nulidad de la Sentencia, consecuentemente, se determinara el dominio a favor de la Sucesión Iris Milda González Villafañe.

Tras varias instancias procesales, el 21 de abril de 2025, los apelados radicaron una *Solicitud de Anotación de Rebeldía*. El 28 de abril de 2025, notificada el día siguiente, el TPI emitió una *Orden* en virtud de la cual le anotó la rebeldía a los apelantes.

El 22 de junio de 2025, los señores Jason y David González presentaron una *Moción para que se Dicte Sentencia por las Alegaciones*. Siendo así, el 23 de

septiembre de 2025, se celebró una vista a la cual comparecieron los señores Jason, David y Emmanuel González, así como la representante legal de la señora Paulina González, quien no estuvo presente. Los apelados destacaron que la controversia giraba en torno a que la Sentencia sobre expediente de dominio fue contraria a derecho, ya que, ante la ausencia de un precio pactado, el negocio fue simulado. Además, argumentaron que el señor Emmanuel González suscribió una escritura, aduciendo que era el titular de la propiedad, cuando la propietaria era Doña Iris, razón por la cual el inmueble le pertenece a los miembros de la Sucesión, en partes iguales. En atención a ello, los apelados presentaron la siguiente prueba documental: (1) la Resolución sobre Declaratoria de Herederos de Iris Milda González Villafañe; (2) las certificaciones registrales de los inmuebles; y (3) los folios correspondientes a las fincas en controversia. Por otra parte, los señores David y Emmanuel González ofrecieron sus testimonios.

Aquilatada la prueba documental y testifical, el 8 de diciembre de 2025, notificada el 12 de diciembre de 2025, el TPI dictaminó una *Sentencia* en virtud de la cual anuló la sentencia emitida en el Caso Núm. AAC2018-0177. El foro de instancia realizó las siguientes determinaciones de hechos:

1. David González es teniente de bomberos en Nueva York. Es hermano de Jason y de Emmanuel.

2. Para el año 2017, la Sra. Iris Milda González Villafañe residía en Staten Island, Nueva York.

3. En el 2018 la Sra. Iris Milda González Villafañe fue diagnosticada con demencia, la cual progresó a alzhéimer. Estuvo en un "nursing home" en Moca.

4. Según la Resolución de Declaratoria de Herederos admitida en evidencia, caso civil número AG2025CV00314, la Sra. Iris Milda González falleció el 7 de febrero de 2021, dejando como únicos y universales herederos a sus hijos Emmanuel González Jr., David Emmanuel González y Jason Emmanuel González.

5. El Sr. David González, hijo de la fallecida Sra. Iris Milda González Villafañe tenía conocimiento de que esta tenía una propiedad en Puerto Rico, localizada en la Avenida Victoria de Aguadilla, la cual administraba.

6. La propiedad objeto de la demanda, consiste en una estructura de dos niveles, donde el primer nivel se utiliza para fines comerciales y el

segundo nivel para uso residencial. La misma ubica frente a las oficinas comerciales de LUMA Energy.

7. La descripción registral de la propiedad ubicada en la Avenida Victoria son las siguientes:

Rustica: Barrio Victoria de Aguadilla. Solar: Cabida: 388.5 metros cuadrados. Linderos: Norte, 19.5 metros con Carmen Mora, Sur, 22.50 metros con Tomás Echevarría. Este, 18.50 metros con la carretera insular, Oeste, con Sucesión Esteves. Contiene dos casas terreras de madera techada en zinc, una de 20 pies de frente por 30 de fondo y la otra de 20 pies de frente por 24 pies de fondo.

Inscrita al folio karibe, inscripción cuarta, Finca número 4,573 de Aguadilla.

Urbana: Barrio Victoria de Aguadilla. Solar: Cabida: 209.25 Metros Cuadrados, que mide nueve metros de frente que es el este, con la carretera; veinticuatro metros al sur con la finca que se segrega, nueve metros al norte con Sucesión Esteves y veintidós y medio metros, al norte, con resto de la finca principal de que se segrega. Contiene una casa de madera techada de zinc de seis metros de frente.

Inscrita al folio Karibe, inscripción quinta, Finca número 4,796 de Aguadilla.

8. Según documento del Registro Inmobiliario Digital del Estado Libre Asociado de Puerto Rico, admitido en evidencia, ambos inmuebles constan inscritos a favor de Emmanuel González Jr. y Paulina González y la sociedad legal de gananciales compuesta por ambos.

9. El Sr. David González tenía conocimiento de los pagos que realizaba la Sra. Iris Milda González Villafañe, ya que era él quien le asistía con gestiones en el banco y el correo.

10. La Sra. Iris Milda González pagó la cantidad de $200,000.00 por las fincas ubicadas en la Avenida Victoria descritas como:

Rustica: Barrio Victoria de Aguadilla. Solar: Cabida: 388.5 metros cuadrados. Linderos: Norte, 19.5 metros con Carmen Mora, Sur, 22.50 metros con Tomás Echevarría. Este, 18.50 metros con la carretera insular, Oeste, con Sucesión Esteves. Contiene dos casas terreras de madera techada en zinc, una de 20 pies de frente por 30 de fondo y la otra de 20 pies de frente por 24 pies de fondo. Inscrita al folio karibe, inscripción cuarta, Finca número 4,573 de Aguadilla.

Urbana: Barrio Victoria de Aguadilla. Solar: Cabida: 209.25 Metros Cuadrados, que mide nueve metros de frente que es el este, con la carretera; veinticuatro metros al sur con la finca que se segrega, nueve metros al norte con Sucesión Esteves y veintidós y medio metros, al norte, con resto de la finca principal de que se segrega. Contiene una casa de madera techada de zinc de seis metros de frente. Inscrita al folio Karibe, inscripción quinta, Finca número 4,796 de Aguadilla.

11. El Sr. David González declaró que la Sra. Iris Milda González le manifestó en varias ocasiones que ella estaba pagando dicha propiedad.

12. Para el 2017, quien manejaba los asuntos administrativos de la propiedad era la Sra. Iris Milda González.

13. La Sra. Iris Milda González otorgó un Poder de Representación ("Power of Attorney") al Sr. David González en el Estado de Nueva Jersey, para junio de 2017, el cual le facultaba para atender asuntos relacionados con la propiedad en la Avenida Victoria.

14. El Sr. David González nunca usó ese Poder de Representación ya que no surgió necesidad durante la vida de la causante, la Sra. Iris Milda González.

15. La Sra. Iris Milda González preparaba notas por escrito con instrucciones y en una de ellas le indicó a David González, que su primo Héctor Villafañe se había enfermado y le pidió a este y a su hermano Emmanuel González Jr. que viajaran a Puerto Rico y atendieran los asuntos de la propiedad; ya que, tras el paso del Huracán María en septiembre de 2017, se destruyeron los documentos originales de la transacción.

16. David González no pudo viajar a Puerto Rico, por lo que su hermano Emmanuel González viajó para encargarse de dichos asuntos.

17. El acuerdo entre David González y su hermano Emmanuel González era que este último fuera a Puerto Rico y resolviera los asuntos con Héctor Villafañe.

18. Luego del viaje, Emmanuel González asumió la administración del inmueble.

19. La Sra. Iris Milda González falleció sin haber otorgado escritura pública de compraventa a su nombre ni testamento alguno que dispusiera sobre la propiedad.

20. El Sr. David González en varias ocasiones le preguntó a su hermano Emmanuel González sobre el estatus de la propiedad. Testificó que su hermano se molestó y evadía las preguntas.

21. El Sr. David González decidió viajar a Puerto Rico, y advino en conocimiento por medio de un abogado de que la propiedad de la Avenida Victoria había sido inscrita en el Registro de la Propiedad a nombre de Emmanuel González y su esposa Paulina González.

22. El demandante no fue notificado por su hermano Emmanuel González de la transacción ni se le proveyó documentación que justificara dicha inscripción durante la vida de la Sra. Iris Milda González.

23. Héctor Villafañe era primo de la Sra. Iris Milda González y fue quien le vendió el inmueble ubicado en la Avenida Victoria.

24. Héctor Villafañe adquirió de Rafael Villafañe, quien a su vez adquirió la propiedad de Manuel González Villafañe y Gladys Soto González.

25. El demandante David González presentó la presente acción solicitando al tribunal que se les devolviera la propiedad a los herederos.

26. Durante el contrainterrogatorio de la licenciada Román Pagán, el testigo indicó que su mamá dejó las notas con instrucciones en la sala.

27. Aceptó además, que en el 2018 esta tenía un diagnóstico de demencia.

28. El demandado, Emmanuel González Jr. declaró que no domina el lenguaje español.

29. Emmanuel González está casado con Paulina González.

30. Emanuel González declaró que se le notificó la demanda y reconoció haber recibido copia de la misma.

31. Emmanuel González acreditó que lo testificado por su hermano, David González, era cierto.

32. En la vista el Sr. Emmanuel González identificó al abogado que le recomendó realizar la transacción mediante una compraventa como el Lcdo. José Pérez Villanueva.

33. La Sra. Iris Milda González vino a Puerto Rico en el verano 2017 y se reunió con Héctor Villafañe para firmar los papeles de la propiedad localizada en la Avenida Victoria.

34. En septiembre de 2017, ocurrió el huracán María y Héctor Villafañe le comunicó a la Sra. Iris Milda González que se le perdieron los documentos de la compraventa que se habían producido anteriormente.

35. Emmanuel González testificó que la Sra. Iris Milda González realizó pagos a plazo para la compra de la propiedad y que el último pago fue en el verano de 2017.

36. Emmanuel González testificó que fue a la oficina del Lcdo. José Pérez Villanueva acompañado de Julio Villafañe y Héctor Villafañe. Que le manifestaron al abogado su deseo de realizar una transferencia de escritura, explicándole además que, a raíz del huracán, el señor Héctor Villafañe había perdido todos los documentos relacionados.

37. Ni Emanuel González, ni su cónyuge, Paulina González aportaron para comprar la propiedad ubicada en la Avenida Victoria.

38. Emmanuel González no tenía dinero para comprar esa propiedad. Declaró que aportó cero. Indicó que quien la pagó fue su mamá y pertenece a esta.

39. Emmanuel González declaró que en las cuentas de banco de este y de su cónyuge no hay ningún desembolso por la cantidad de $300,000.00 como indica la demanda, caso civil número AAC2018-0177, que había presentado y que la propiedad de la Avenida Victoria le pertenece a la Sra. Iris Milda González.

40. Emmanuel González expresó que su cónyuge, Paulina González entiende lo que está sucediendo y por eso ella otorgó un poder.

41. Durante el contrainterrogatorio de la licenciada Román Pagán, el testigo indicó que no estaba mintiendo, que estaba confundido pues no dominaba el español.

42. El testigo aceptó que durante el proceso judicial anterior no utilizó intérprete.[1]

En base a ello, concluyó que la compraventa se celebró sin que existiera una causa real, lo cual implicó una simulación absoluta, convirtiendo el negocio en uno nulo *ab initio*. Como resultado, ordenó la cancelación de los asientos registrales a favor del matrimonio González y, en cambio, ordenó la inscripción a favor de los integrantes de la Sucesión Iris Milda González Villafañe, los hermanos David, Jason y Emmanuel González.

Inconformes, el 12 de enero de 2026, el matrimonio González acudió ante nos mediante *Apelación* y le imputó al foro de instancia la comisión de los siguientes errores:

**Erró el Tribunal de Primera Instancia al erróneamente concluir que la compraventa formalizada en la Escritura Número Dieciocho (18) constituía una simulación absoluta sin causa ni contraprestación. Esta determinación: a) Viola principios fundamentales del derecho de los contratos, que establecen que los contratos válidamente celebrados y debidamente protocolizados ante notario público gozan de presunción de validez; b) Desconoce que la existencia de la causa se presume en todo contrato legalmente celebrado, conforme a los principios del Código Civil de Puerto Rico; c) Invierte indebidamente la carga probatoria, imponiendo a la Apelante la obligación de demostrar la causa cuando los Apelados tenían la carga de probar la simulación d) Se basa en conclusiones especulativas sobre la intención de las partes, sin sustento probatorio directo sobre la falta de causa o contraprestación real en ausencia total de causa sin prueba documental clara, robusta y convincente que acreditara el alegado pago de $200,000.00**

**Erró el Tribunal al concluir las determinaciones de hecho contenidas en la sentencia apelada, cuando éstas carecen de sustancia probatoria adecuada: a) La conclusión de "simulación absoluta" se basa únicamente en el testimonio de David González, quien no fue testigo de la transacción y cuya información era de segunda mano; b) El tribunal despreció el testimonio de Emmanuel González, quien fue testigo directo de los hechos y cuya credibilidad no fue cuestionada de manera específica; c) Se ignoró la evidencia documental de la Escritura de Compraventa, protocolo válido que crea una presunción legal de validez; d) La conclusión de que no hubo "contraprestación" se basa en interpretaciones de un testimonio confuso, cuando**

---

[1] Véase, Recurso de Apelación, Anejo 1, págs. 5-10.

**consta que Emmanuel González fue asistido por intérprete autorizado en la vista del caso AAC2018-0177.**

**La sentencia viola derechos procedimentales fundamentales de los Apelantes: b) La sentencia se dictó basada en alegaciones que presumiblemente fueron admitidas por la rebeldía, sin adecuada evaluación de la credibilidad de la prueba testifical presentada.**

**Erró el foro primario cuando utilizó la Doctrina de Prescripción Adquisitiva aplicada a hallazgos de hecho del caso AAC2018-0177 relativos a la prescripción adquisitiva extraordinaria para fundamentar la nulidad de la sentencia anterior. Esta conclusión: a) Contradice su propia determinación de que la compraventa fue simulada, puesto que, si la transacción fue simulada, entonces ninguna posesión relevante pudo haber ocurrido a título de dueño; b) Confunde dos remedios legales distintos: la acción de contradicción de dominio y la usucapión; c) Utiliza contra los Apelantes una doctrina (prescripción) que no les era favorable, tomando de un caso anterior conclusiones que fueron indudablemente favorables a los Apelantes.**

**Erró gravemente el utilizar la Regla 49.2 de Procedimiento Civil para anular la sentencia del caso AAC2018-0177, cuando tal anulación no se fundamentaba en ninguno de los supuestos legalmente reconocidos: a) La sentencia anterior no fue dictada sin jurisdicción sobre las partes o la materia; b) La sentencia anterior no violó garantías de debido proceso — el Ministerio Público, aunque no compareció, fue debidamente notificado; c) No existió fraude en la obtención de la sentencia anterior; d) La simple circunstancia de que nuevas pruebas se presenten en un procedimiento subsiguiente no constituye causal de nulidad de sentencia; e) La jurisprudencia puertorriqueña es clara en que la nulidad de sentencia no procede por errores de derecho o meras irregularidades procesales cuando la parte tuvo oportunidad de defenderse.**

**El tribunal violó los principios de cosa juzgada al permitir que los Apelados atacaran en un nuevo procedimiento los mismos fundamentos (la validez de la compraventa de 2017) que fueron materia de la sentencia dictada en AAC2018-0177; b) El tribunal erró al reabrir cuestiones ya resueltas judicialmente en procedimiento anterior; c) El tribunal erró cuando autorizó un segundo litigio sobre el mismo título y la misma propiedad, en violación de los principios de fineza y estabilidad de las sentencias.**

El 22 de enero de 2026, este Tribunal emitió una *Resolución* en virtud de la cual le concedimos a los apelantes un término para presentar la transcripción de la prueba oral, por entender que varios de los errores señalados cuestionan la apreciación de la prueba realizada por el TPI. Transcurrido el término concedido para tramitar la regrabación de los procedimientos, sin que los apelantes cumplieran con lo ordenado, le concedimos a los apelados un plazo para presentar su alegato en oposición. En cumplimiento, el 26 de febrero de

2026, los apelados presentaron su *Oposición a Apelación Civil.* Perfeccionado el recurso y contando con el beneficio de la comparecencia de las partes, nos encontramos en posición de resolver.

## II.

### -A-

Como es sabido, la apreciación de la prueba que realiza el TPI en el ejercicio de su sana discreción está revestido de confiabilidad y merece nuestro respeto y deferencia. *Argüello v. Argüello,* 155 DPR 62, 79 (2001) citando a *Pueblo v. Bonilla Romero,* 120 DPR 92, 111 (1987). En vista de lo anterior, la valoración que lleva a cabo el foro primario se presume correcta, toda vez que es este quien tiene la oportunidad de ver, escuchar y valorar las declaraciones de los testigos, así como sus lenguajes no verbales. *Pueblo v. Santiago et al.*, 176 DPR 133, 148 (2009); *Pueblo v. Acevedo Estrada*, 150 DPR 84, 99 (2000). Al respecto, nuestro más Alto Foro ha expresado lo siguiente:

> [...] no sólo habla la voz viva. También hablan las expresiones mímicas: el color de las mejillas, los ojos, el temblor o consistencia de la voz, los movimientos, el vocabulario no habitual del testigo, son otras tantas circunstancias que deben acompañar el conjunto de una declaración testifical y sin embargo, todos estos elementos se pierden en la letra muda de las actas, por lo que se priva al Juez de otras tantas circunstancias que han de valer incluso más que el texto de la declaración misma para el juicio valorativo que ha de emitir en el momento de fallar; le faltará el instrumento más útil para la investigación de la verdad: la observación. *Pueblo v. Toro Martínez*, 200 DPR 834, 857 (2018), citando a *Ortiz v. Cruz Pabón*, 103 DPR 939, 947 (1995).

A esos efectos, el Tribunal Supremo de Puerto Rico ha resuelto que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto. *Coop. Seguros Múltiples de P.R. v. Lugo*, 136 DPR 203, 208 (1994). En consecuencia, este Tribunal Apelativo no debe intervenir con las determinaciones de hechos, con la apreciación de la prueba ni con la adjudicación de credibilidad efectuadas por el mismo, excepto en aquellas situaciones en que se demuestre que este último: (1) actuó con prejuicio o parcialidad; (2) incurrió en un craso abuso de discreción, o; (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.

*Pueblo v. Irizarry,* 156 DPR 780, 789 (2002); *Pueblo v. Maisonave Rodríguez,* 129 DPR 49, 62-63 (1991). De igual forma, se podrá intervenir con la determinación del TPI cuando la referida valoración se aparte de la realidad fáctica o resulte inherentemente imposible o increíble. *Pueblo v. Martínez Landrón,* 202 DPR 409, 424 (2019) citando a *Pueblo v. Maisonave Rodríguez, supra,* pág. 63. De manera que, este Tribunal solo podrá intervenir con la apreciación del foro juzgador si, luego de evaluar minuciosamente la prueba del caso, guardamos serias, razonables y fundadas dudas acerca de la culpabilidad del acusado. *Pueblo v. Casillas, Torres,* 190 DPR 398, 415-417 (2014).

**-B-**

La Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2, autoriza al Tribunal a relevar a una parte de una sentencia, orden o procedimiento por varios fundamentos: (a) error, inadvertencia, sorpresa o negligencia excusable; (b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48; (c) fraude, falsa representación u otra conducta impropia de una parte adversa; (d) nulidad de la sentencia; (e) la sentencia ha sido satisfecha o renunciada; y (f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia. *Íd.* (Énfasis suplido) A su vez, la Regla 49.2, *supra,* dispone que:

> La moción se presentará dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento. Una moción bajo esta Regla 49.2 no afectará la finalidad de una sentencia ni suspenderá sus efectos. Esta regla no limita el poder del tribunal para:
>
> (1) conocer de un pleito independiente con el propósito de relevar a una parte de una sentencia, una orden o un procedimiento;
>
> (2) conceder un remedio a una parte que en realidad no haya sido emplazada, y;
>
> (3) dejar sin efecto una sentencia por motivo de fraude al tribunal.

Así pues, la precitada regla es el mecanismo que tiene una parte para solicitar al foro de instancia que se releven los efectos de una sentencia cuando se cumpla alguno de los fundamentos indicados. *López García v. López García,*

200 DPR 50, 60 (2018). El Tribunal Supremo de Puerto Rico ha expresado que, al momento de evaluar la procedencia de una solicitud de relevo de sentencia, también se debe evaluar si el peticionario tiene una buena defensa en sus méritos; el tiempo que media entre la sentencia y la solicitud del relevo; y el grado de perjuicio que pueda ocasionar a la otra parte la concesión del relevo de sentencia. *Reyes v. E.L.A. et al.*, 155 DPR 799, 810 (2001).

A pesar de que la Regla 49.2 de Procedimiento Civil, *supra*, se interpreta liberalmente, el Tribunal Supremo ha advertido que esta no constituye una "llave maestra" para reabrir controversias y no debe ser utilizada en sustitución de un recurso de revisión o una moción de reconsideración. *Vázquez v. López*, 160 DPR 714, 726 (2003); *Piazza v. Isla del Río, Inc.*, 158 DPR 440, 448 (2003). De modo que, el término de seis (6) meses para la presentación de la moción de relevo de sentencia es fatal. *García Colón et al. v. Sucn. González*, 178 DPR 527, 562 (2010); *Bco. Santander P.R. v. Fajardo Farms Corp.*, 141 DPR 237 (1996). En consecuencia, la Regla 49.2, *supra*, es categórica en cuanto a que la moción de relevo debe presentarse dentro de un término razonable pero que en ningún caso exceda los seis (6) meses. *Íd.*, pág. 543. Ahora bien, dicho plazo es inaplicable cuando se trata de una sentencia nula. *Náter v. Ramos*, 162 DPR 616, 625 (2004). "Una sentencia es nula cuando se ha dictado sin jurisdicción sobre la materia o las partes, o, en alguna forma infringe el debido proceso de ley". *Figueroa v. Banco de San Juan,* 108 DPR 680, 689 (1979).

Siendo ello así, en el caso de *Bco. Santander P.R. v. Fajardo Farms Corp.*, *supra*, el Tribunal Supremo de Puerto Rico interpretó que existen dos (2) mecanismos mediante los cuales una parte puede ser relevada de los efectos de una sentencia dictada sin que exista jurisdicción sobre su persona. *Íd.*, págs. 246-247. En primer lugar, se trata de una solicitud al amparo de la Regla 49.2 (d), *supra*, la cual, por disposición expresa de dicha norma, debe ser presentada dentro de los seis (6) meses siguientes de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento. *Íd.* En segundo lugar, una vez transcurrido el precitado término de seis (6) meses, la parte que desee plantear la nulidad de la sentencia debe recurrir a una acción independiente de nulidad

de sentencia. *Íd.*, págs. 246-247; Véase, R. Hernández Colón, *Práctica jurídica de Puerto Rico: Derecho Procesal Civil,* 6ta ed., San Juan, Ed. Lexisnexis, 2017, Sec. 4810, págs. 661-662.

Es decir, dicha solicitud puede invocarse en cualquier momento, pero si el fraude o la nulidad que justifican el relevo de la sentencia se descubre y puede probarse dentro de los seis (6) meses, se solicita por Moción a base de la Regla 49.2, *supra.* C. Zeno Santiago, *Sumario Procedimiento Civil Puertorriqueño*, 1ra ed., San Juan, Ed. Situm, 2023, pág. 237; *Rivera v. Jaume*, 157 DPR 562. 574 (2002). En cambio, "si ya han pasado los seis (6) meses, no puede hacerlo por esta regla, pero lo puede traer como un pleito independiente, o sea, atacando esa sentencia mediante una demanda dirigida contra la parte que obtuvo la sentencia por fraude o nulidad". *Íd.*

### -C-

Es obligación de toda parte contra la cual se presenta una demanda de notificar su contestación dentro de treinta (30) días de haber sido emplazado conforme a derecho. Regla 10.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 10. No obstante, la precitada Regla también establece que "[l]a notificación de una moción permitida por estas reglas o bajo la Regla 36, altera los términos arriba prescritos [...], a menos que por orden del tribunal se fije un término distinto [...]". 32 LPRA Ap. V, R. 10.1.

A pesar de ello, las Reglas de Procedimiento Civil establecen que procede la anotación de rebeldía "[c]uando una parte contra la cual se solicite una sentencia que concede un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma, según se dispone en estas reglas". Regla 45.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 45.1. Este remedio puede ser utilizado tanto en las instancias mencionadas, como en aquellas en que una de las partes en el pleito no ha cumplido con algún mandato del tribunal, que conlleva la obligación del foro judicial a imponerle la rebeldía como sanción. *Ocasio v. Kelly Servs.*, 163 DPR 653, 670 (2005). A pesar de ello, la anotación de rebeldía "como sanción por su incumplimiento con una orden del tribunal siempre se debe dar dentro del marco de lo que es justo, y la ausencia de tal

justicia equivaldría a un abuso de discreción". *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 590 (2011).

Se ha resuelto que la consecuencia jurídica de anotar la rebeldía a una parte en un pleito será tener como aceptadas cada una de las alegaciones bien formuladas que hubieran sido incluidas en la demanda. *Vélez v. Boy Scouts of America*, 145 DPR 528, 534 (1998). No obstante, a aquellas partes en rebeldía, que han comparecido previamente, les "cobija el derecho a conocer del señalamiento, asistir a la vista, contrainterrogar los testigos de la parte demandante, impugnar la cuantía y apelar la sentencia". *Mitsubishi Motor v. Lunor y otros*, 212 DPR 807, 825-826 (2023). En cuanto a la notificación de escritos y órdenes, la Regla 67.1 de Procedimiento Civil, 32 LPRA Ap. V., R. 67.1, esboza que "[n]o será necesario notificar a las partes en rebeldía por falta de comparecencia, excepto que las alegaciones en que se soliciten remedios nuevos o adicionales contra dichas partes".

Ahora bien, en el descargue de sus funciones, el Tribunal de Primera Instancia está en la obligación de comprobar cualquier aseveración esgrimida mediante la aportación de prueba que demuestra lo alegado. *Hernández v. Espinosa*, 145 DPR 248, 272 (1998). Cónsono con lo anterior, nuestro Tribunal Supremo ha reiterado que en el ámbito de la adjudicación de un pleito en rebeldía los foros judiciales no pueden actuar como meros autómatas. *Ocasio v. Kelly Servs.*, págs. 671-672. Es decir, "un trámite en rebeldía no garantiza *[per se]*, una sentencia favorable al demandante; el demandado no admite hechos incorrectamente alegados como tampoco conclusiones de derecho". *Mitsubishi Motor v. Lunor y otros*, *supra*, pág. 826, citando a *Continental Ins. Co. v. Isleta Marina*, 106 DPR 809, 817 (1978).

Nótese que el objetivo de este mecanismo procesal no es conferirle una ventaja al demandante para obtener una sentencia a su favor, sino que lo que se persigue es estimular la tramitación ágil y efectiva de los pleitos ante los tribunales. *J.R.T. v. Missy Mfg. Corp.*, 99 DPR 805, 811 (1971). Por este motivo, un tribunal, al momento de resolver una solicitud de anotación de rebeldía, debe interpretar la Regla 45 de Procedimiento Civil, *supra*, de forma liberal, lo que

significa que debe siempre resolver cualquier duda a favor de la parte que se opone a la concesión de la rebeldía. Esto es cónsono con la política judicial que prefiere que los casos se vean en sus méritos. *Neptune Packing Corp. v. Wackenhut Corp.*, 120 DPR 283, 293 (1988); *Imp. Vilca, Inc v. Hogares Crea, Inc.*, 118 DPR 679, 686 (1987).

**-D-**

El mecanismo de expediente de dominio es un procedimiento *ex parte* que le permite a todo propietario que carezca de título inscribible proceder con su inscripción. Art. 185 de la Ley Núm. 210-2015, 30 LPRA sec. 6291. Este, no puede ser utilizado para declarar derechos, ya que solo tiene como finalidad que el tribunal declare justificado o no el dominio de la finca que el promovente pretende inscribir. Es por ello que, el mecanismo no equivale a una acción declaratoria de usucapión. *Ex parte: Franco Luis Román Quiles y Yolanda Nieves Vargas*, 2025 TSPR 45, 215 DPR __ (2025). Por consiguiente, "[l]a resolución aprobatoria de un expediente de dominio no constituye cosa juzgada, y no impide un ataque posterior a la resolución por quienes no hayan litigado". *Rodríguez v. Registrador,* 75 DPR 712, 732 (1953).

Nuestro Tribunal Supremo ha expresado que de surgir en el expediente de dominio una controversia sobre la validez del título o de los derechos dominicales del peticionario, deberá dilucidarse en el propio expediente de dominio, perdiendo su naturaleza *ex parte* y convirtiéndose en un juicio contencioso. *Ríos v. Tribunal Superior*, 77 DPR 79, 83 (1954). Ello representa ser la práctica judicial más conveniente, ya que evita una duplicación en los procedimientos y mantiene la eficacia del expediente de dominio. *Íd.*

**III.**

En el recurso que nos ocupa, los apelantes nos solicitan que revoquemos la *Sentencia* en virtud de la cual el TPI declaró la nulidad de la sentencia emitida en el caso AAC2018-0177 sobre expediente de dominio. De manera particular, sostienen que no se probó que la compraventa llevada a cabo en el año 2017 fue simulada. A su vez, manifiestan que se les violó su derecho a un debido proceso de ley, al no permitirles presentar prueba pericial a los fines de impugnar el

testimonio del señor David González. Añaden que el foro de instancia erró al aplicar la doctrina de prescripción adquisitiva. Expresan, además, que la nulidad de sentencia no fue basada en los fundamentos reconocidos por la Regla 49.2 de Procedimiento Civil, *supra*. Por último, arguyen que la Sentencia emitida en el caso AAC2018-0177 constituye cosa juzgada.

Conforme surge de la *Sentencia* apelada, el TPI concluyó que, de acuerdo con el testimonio de los señores David y Emmanuel González, no existió una contraprestación para la presunta compraventa celebrada en el año 2017. Debido a ello, determinó que el negocio jurídico constituyó una simulación absoluta, lo cual resultó en su nulidad *ab initio*. Como resultado, anuló la Sentencia del caso AAC2018-0177.

Mediante los errores primero y segundo, la parte apelante sostiene que el foro de instancia evaluó incorrectamente la prueba desfilada. Es norma reiterada que los tribunales apelativos no debemos intervenir con la apreciación de la prueba, la adjudicación de credibilidad o las determinaciones de hechos de los foros de instancia. Advertimos que la parte apelante no presentó ante nos la transcripción de la prueba oral vertida durante la Vista en Rebeldía, a pesar de habérsele ordenado. Por tanto, no intervendremos con la apreciación de la prueba y las determinaciones de hechos formuladas por el foro de instancia. En otras palabras, nos encontramos impedidos de intervenir con lo determinado en cuanto a la nulidad de la compraventa.

A través del tercer error, la parte apelante arguye que el foro de instancia incidió al no permitirle presentar prueba pericial, con la intención de impugnar el testimonio del señor David González. Surge del expediente que, al momento de celebrar la vista, los apelantes se encontraban en rebeldía. Como es sabido, la anotación de rebeldía acarrea como consecuencia la aceptación de cada una de las alegaciones bien formuladas. Sin embargo, se ha reconocido el derecho de la parte en rebeldía a: (1) conocer del señalamiento; (2) asistir a la vista; (3) contrainterrogar los testigos de la parte demandante; (4) impugnar la cuantía; y (5) apelar la sentencia. Contrario a lo sostenido por los apelantes, no tenían

derecho a presentar prueba para impugnar el testimonio del señor David González.

Por otra parte, mediante el cuarto error, los apelantes exponen que el foro de instancia incidió al aplicar la doctrina de prescripción adquisitiva. De entrada, debemos aclarar que el mecanismo de expediente de dominio no equivale a una acción declaratoria de usucapión. Ahora bien, tras un examen sosegado de la *Sentencia* apelada, constatamos que el foro de instancia en ningún momento aplicó o tomó en consideración la doctrina de prescripción adquisitiva o usucapión. De manera similar, el caso AAC2018-0177 tampoco decretó la titularidad del inmueble a favor del matrimonio González mediante la figura de usucapión o prescripción adquisitiva. Peor aún, la escueta discusión realizada por la parte apelante no resultó suficiente para colocarnos en posición de analizar el señalamiento de error. Así dispuesto, el cuarto error no amerita nuestra discusión.

A través del quinto señalamiento de error, el matrimonio González expone que el relevo de sentencia resultaba improcedente, en virtud de la Regla 49.2 de Procedimiento Civil, *supra*. Ciertamente, la Sentencia emitida en el caso AAC2018-0177 fue fundamentada en un negocio nulo, resultando así en la comisión de fraude ante el Tribunal. Dispone la normativa procesal que, transcurridos más de seis (6) meses desde la notificación de la Sentencia, la parte apelada venía obligada a presentar un pleito independiente para solicitar su relevo, por las causales de fraude o nulidad. Ante lo anterior, el foro de instancia actuó conforme a derecho al decretar, en un pleito independiente, el relevo de una Sentencia basada en una realidad jurídica inexistente.

Finalmente, a través del sexto señalamiento de error, la parte apelante manifiesta que la Sentencia del caso AAC2018-0177 constituye cosa juzgada. Según hemos reseñado, nuestro Tribunal Supremo ha resuelto que "[l]a resolución aprobatoria de un expediente de dominio no constituye cosa juzgada, y no impide un ataque posterior a la resolución por quienes no hayan litigado". *Rodríguez v. Registrador, supra*, pág. 732. Debido a que los apelados no tuvieron

la oportunidad de defender sus derechos en el caso AAC2018-01777, ya que no formaron parte del mismo, la Sentencia emitida no constituye cosa juzgada.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos constar en esta *Sentencia*, se *confirma* la determinación apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.



Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones